Vincent J. Ferreri, M.
Defendant moves to dismiss a felony charge pending against him in the Brooklyn Felony Court since December 9, 1956, on the ground that lie has been deprived of his right to a “ speedy hearing and trial.”
During the pendency of this charge the defendant was serving a sentence of two and one-half to five years in Greenhaven State Prison on a prior charge for attempted burglary in the third degree.
*1011 This application is one of novel impression since research fails to disclose any case directly in point.
In support of his contention the defendant cites the case of People v. Prosser (309 N. Y. 353). In that case the Court of Appeals dismissed an indictment which had been pending for five years while the defendant was incarcerated on another charge.
The District Attorney contends that the Prosser case (supra), has no application to the instant application which merely involves a pending charge in the Felony Court.
Section 8 of the Code of Criminal Procedure guarantees a defendant the right to a speedy trial. To enforce that right the Legislature enacted sections 667 and 668 of the Code of Criminal Procedure. That right is statutory and not constitutional.
The defendant’s contention that he has been deprived of a “ constitutional right ” is without merit for the reason that the Sixth Amendment to the United States Constitution, providing, “ In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury” applies to the United States courts only (People v. Hall, 51 App. Div. 57) and does not apply to New York statutes (People v. Jelke, 284 App. Div. 211, affd. 308 N. Y. 56).
Section 667 of the Code of Criminal Procedure provides as follows: “ When a person has been held to answer for a crime, if an indictment be not found against him, at the next term of the court at which he is held, to answer, the court may on application of the defendant order the prosecution to be dismissed, unless good cause to the contrary be shown.” (Italics mine.)
The meaning of the words “ held to answer ” is to be found in section 208 of the Code of Criminal Procedure. That section provides in its pertinent parts that “If it appear from the examination that a crime has been committed and that there is sufficient cause to believe the defendant guilty thereof, the magistrate must * * * order * * * ‘ that he be held to answer the same ’ ”. (Italics mine.) Thus, it is clear that “held to answer” refers to situations where the magistrate holds a defendant either for the Court of Special Sessions or for the actions of the Grand Jury. And since the defendant in the instant case merely has a charge pending against him and lias not been ‘ ‘ held to answer ’ ’ for a crime, it logically follows that he has not been deprived of his right to a speedy trial.
Support for that conclusion is to be found in the Prosser case (supra, p. 356) itself. In that case the court stated “ The speedy trial guarantee, preventing undue delay between the *1012 time of indictment and trial, serves a threefold purpose.” (Italics mine.) The words •“ between the time,of indictment and trial ’? definitely excludes the application of the Prosser principle to a pending “ charge ”, especially when there is the possibility of the said charge being dismissed at the hearing.
However, the defendant was not without a remedy. He could have availed himself of section 669-a of the Code of Criminal Procedure which the Legislature enacted and became effective in September of 1957 (L. 1957, ch. 440). That section provides in its pertinent parts :
“ 1. (a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of this state, and whenever during the continuance of the term of imprisonment there is pending in this state any untried indictment, information or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the district attorney of the county in which the indictment, information or complaint is pending and the appropriate court written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: * * * ,
‘ ‘ 2; In the event that the action is not brought to trial within the period of time as herein provided, no court of. this state shall any longer have jurisdiction thereof, nor shall the untried indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice. ” ■ •'
Having failed to avail himself of the foregoing .benefits, the defendant should not now be heard to complain.
Accordingly, the. defendant’s motion is denied and the case set down for a hearing on December 12, 1958.