**STATE of Iowa, Appellee,**

v.

**Brenda Kay Lane HUMBURD, Appellant.**

**No. 54002.**

Supreme Court of Iowa.

June 23, 1970.

Charles F. Glenn, West Des Moines, for appellant.

Richard C. Turner, Atty. Gen., and G. Douglas Essy, Asst. Atty. Gen., for appellee.

MOORE, Chief Justice.

Defendant, Brenda Kay Lane Humburd, age 19, was charged, found guilty by the trial court and ordered to pay a $25 fine or serve five days in jail for shoplifting, under $20, in violation of section 709.20, Code, 1966. On her appeal, which has been submitted on the trial transcript, she asserts the evidence was insufficient to support a conviction. We affirm.

On a claim of insufficient evidence to sustain a conviction, we view the evidence in the light most favorable to the State. It is the fact finder's function, not ours, to decide disputed fact questions. The finding of guilt by the trier of fact is binding upon us unless we are satisfied it is without substantial support in the evidence or is clearly against the weight thereof. State v. Christopher, Iowa, 176 N.W.2d 777, filed May 7, 1970; State v. Schatterman, Iowa, 171 N.W.2d 890, 892; State v. DeRaad, Iowa, 164 N.W.2d 108, 109, and citations. It is necessary to consider only the supporting evidence whether contradicted or not. State v. Brown, Iowa, 172 N.W.2d 152, 153, and citations.

Des Moines Police Department Sergeant Herbert Perry testified that as a part-time security officer for Paul Farley's Super Market at 2809 Forest Avenue, Des Moines at about 10:00 p. m. October 26, 1969 he was concealed behind a two-way mirror, he observed defendant take from stock a box of bay leaves valued at 19 cents and a bottle of seasoning salt valued at 47 cents, put them in a purse she was carrying, close the purse by pulling its drawstrings and thereafter kept her in view as she followed her two companions through the checkout lane and toward the front door. Her companions, Linda Walker and Lonnie Lee Bibbins, paid the cashier for small items which each had selected. Defendant paid nothing to the cashier.

As defendant approached the market's front door, preparatory to leaving, Sergeant Perry stopped her and stated he wanted to talk about shoplifting and asked her to submit to a search of her purse which she refused to do. He testified she had not removed the two items from her purse before she started to leave the store. He then placed defendant under arrest.

Sergeant Perry's testimony includes:

"Q. After placing her under arrest, what did she do? A. She refused,

caused quite a disturbance in the store with the other two persons. She refused to submit to arrest; the other two parties and her attempted to leave the store. I restricted them from leaving the store. Quite a little commotion was caused. I was not able without using more restraint than I felt was necessary at the time to search them. When the other officers came, the arrest was made and they were taken out the door and then there was quite a disturbance outside."

The disturbance consisted of loud, profane and obscene statements by defendant and Bibbins and their attempt to leave and avoid arrest. Thereafter defendant and her two companions were arrested for disturbing the peace and quiet.

After the other officers had brought the disturbance outside the market under control defendant, Bibbins and Miss Walker were taken to the Des Moines Police Station in a city police wagon by a uniform patrol crew. At the station Miss Walker claimed ownership of the purse which defendant had been carrying in the market. Search thereof at the station did not disclose the box of bay leaves or seasoning salt. No such items were found among the purchases made by Bibbins and Miss Walker. Search of the three at the police station disclosed Bibbins had five cents, Miss Walker two cents and defendant twenty-two cents.

Defendant testified the three went to the market to get necessary items, including bay leaves and seasoning salt, for preparation of a "chittelings feed" they were planning for that night, she did pick up a box of bay leaves and a box of seasoning salt and thereafter was informed by Bibbins the bay leaves were not needed and that she put the box down near a pop cooler. She further testified she handed the box of seasoning salt to Bibbins. Miss Walker gave no such testimony. Bibbins was not present at the trial which included the charge against him of disturbing the peace and quiet.

From our study of the entire transcript we conclude the finding of defendant's guilt is supported by substantial evidence and is not clearly against the weight thereof. We find no reversible error.

Affirmed.

All Justices concur.