**STATE of Iowa, Appellee,**

v.

**Allen Eugene WATSON, Appellant.**

**No. 54599.**

Supreme Court of Iowa.

Dec. 15, 1971.

————◆————

Morton A. Teitle, Davenport, for appellant.

Richard C. Turner, Atty. Gen., and Allen J. Lukehart, Asst. Atty. Gen., for appellee.

PER CURIAM:

Defendant was convicted by a jury of having assaulted his former wife with intent to murder her. As provided in section 690.6, The Code, 1966, he was sentenced to a term of not more than 30 years in the penitentiary at Fort Madison. He appeals from that judgment and we affirm.

Defendant raises only two questions. We hold against him on both. First, he claims he was illegally deprived of a pre-liminary hearing, even though one had originally been set when he was arraigned in municipal court. Subsequently that case was dismissed by the county attorney and defendant was accused of the same crime by a county attorney's information filed in district court. He concedes we must overrule State v. Franklin, 163 N.W.2d 437 (Iowa 1968) if he is to prevail on this issue. We decline to do so, and it follows there is no merit to defendant's first complaint.

Defendant also argues he was denied due process under the Sixth and 14th Amendments to the Federal Constitution because his trial counsel—not the same attorney who represents him here—failed to file a motion for new trial. Defendant does not claim he was denied the effect of assistance of counsel; but he insists failure to ask a new trial nevertheless entitles him to a reversal.

Defendant cites no authority for this proposition. In the absence of any claim of ineffective counsel, we cannot agree he was deprived of due process under the constitutional amendments heretofore referred to. Kime v. Brewer, 182 N.W.2d 154, 156 (Iowa 1970).

Nevertheless we have examined both the record and the clerk's transcript and find no substantial error. Furthermore—and perhaps of greatest significance—defendant points out no error which should have been the basis of a motion for new trial nor which would entitle him to that relief if such a motion had been made.

Finding no reversible error, we affirm the judgment.

Affirmed.