STATE of Iowa, Appellee,

v.

LeRoy MAYS, Appellant.

No. 55610.

Supreme Court of Iowa.

Feb. 21, 1973.

Rehearing Denied April 18, 1973.

Gene L. Needles, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., and Raymond A. Fenton, Polk County Atty., for appellee.

Heard before MOORE, C. J., and LeGRAND, REES, UHLENHOPP and HARRIS, JJ.

UHLENHOPP, Justice.

In this appeal we are required to pass upon matters which arose in a prosecution for breaking and entering.

Viewing the evidence in the light most favorable to the verdict, the jury could find that defendant LeRoy Mays was employed in and had a key to a commercial car-cleaning establishment. Adjoining that establishment and separated by a wall was a garage. The garage housed trucks which were used to haul cigarettes and candy. The two business enterprises belonged to different firms.

Defendant worked at the car-cleaning establishment on Saturday, November 6, 1971. When the proprietor locked up that afternoon, the establishment contained a Chevrolet car. The adjoining locked garage contained two trucks loaded with cigarettes and candy, none of which was specifically identifiable except one carton of Old Gold cigarettes. Charles R. Mayernick, the operator of one of the trucks, was familiar with that particular carton as he had taken it in trade from a customer and had left it in the truck for a considerable time.

On Monday morning, November 8, 1971, the Chevrolet car was missing from the cleaning establishment. When Mayernick came to work that morning, he discovered that the partition between the two business establishments had been broken through, a window on his truck had been smashed, the truck door had been opened, and all of the cigarettes and some candy had been taken from the truck. The police were notified.

On the same morning, the police saw defendant slouched over the wheel of a stopped Chevrolet car containing a large quantity of cigarettes and some other articles. Mayernick was called to the scene. He saw the cigarettes being transferred from the Chevrolet to the police car. He testified at trial:

Q. Okay, did you see cigarettes? A. Yes, sir.

Q. And how many? A. Many cases, we'll put it this way.

Q. Okay. Now, could you recognize some of those as being yours? A.

Only one. Only one carton, and that was the carton of Old Gold.

Q. And what was so unusual about this carton of Old Gold that you recognized it as being yours? A. Because I didn't use it for months and months. At that particular time I didn't have any Old Gold 100's in any of my machines, and I had traded this one with one of my customers, not my clients, people I service. They wanted to trade a carton of Old Gold, and I did. . . .

Q. You saw that? A. Yes, sir.

The police promptly placed defendant in jail and charged him by preliminary information with breaking and entering the garage in violation of § 708.8, Code 1971.

At about that time, Mr. Gene L. Needles, defendant's present attorney, represented defendant in connection with another prosecution. But Mr. Needles was unaware of the present case. Defendant remained in jail. On November 22, 1971, the Des Moines Municipal Court appointed Attorney William J. Lillis to represent defendant in connection with the present incident. On November 24, 1971, defendant filed in that court a demand for speedy indictment, under § 795.1, Code 1971. On December 15, 1971, defendant filed in the same court a motion to dismiss based on the failure of the grand jury to indict within 30 days, and on December 22, 1971, the municipal court held a hearing on the motion and took it under advisement.

On December 24 or 27, 1971 (the exact date is not clear), the county attorney filed in district court a county attorney's information charging defendant with breaking and entering the garage—the present case. On December 27, 1971, defendant, without counsel, pleaded not guilty in district court in this case. On the same day the district court appointed Mr. Needles as defendant's attorney in this case.

On January 12, 1972, the present case came on for trial in district court but the

court continued the case at defendant's request. Also that day, defendant's motion to dismiss the case in municipal court was sustained by that court.

On February 2, 1972, defendant filed in district court a motion to dismiss the present case, based, so far as we are now concerned, on the failure of the grand jury to indict within 30 days. The district court held a hearing and overruled the motion.

The present case was then tried in district court. Among other instructions, the trial court instructed the jury on aiding and abetting another to commit a crime. Defendant objected to the instruction. The jury found defendant guilty, and the trial court sentenced him. He appealed.

Defendant assigns several errors, but we find consideration of only three of his assignments to be necessary. Should the instruction on aiding and abetting have been given? Was the evidence sufficient to generate a fact question on defendant's guilt of breaking and entering? Should the district court have sustained the motion to dismiss the case for failure of the grand jury to indict within 30 days?

I. *Aiding and Abetting Instruction.* The aiding and abetting instruction necessarily assumed that two or more individuals were involved in the crime, but no evidence at all was introduced that anyone beside defendant was involved—assuming it shows that he was involved.

The State apparently desired the instruction in the event the defense argued that one of the others employed at the car-cleaning establishment may have committed the crime. But the State's position is untenable for want of proof that anyone else had anything to do with the crime. 21 Am.Jur.2d Criminal Law § 119 at 197 ("A person cannot aid and abet the commission of a crime unless another commits the offense; one cannot aid and abet himself in the commission of an offense."); 23 C.J. S. Criminal Law § 786(2) at 4–6. The

trial court should not have given the instruction.

■■■ The State claims that the instruction was not prejudicial since under the evidence, defendant was the only one who could possibly be convicted of committing the crime. But that is the very reason the instruction should not have been given. It opened up to speculation participation by others, without any proof of such participation. The situation is not like the one in which two individuals jointly commit a crime. State v. Harding, 204 Iowa 1135, 216 N.W. 642; State v. Burch, 199 Iowa 221, 200 N.W. 442. The present case falls under the principle that an instruction submitting an issue unsubstantiated by evidence is generally prejudicial. State v. Neff, 228 Iowa 383, 291 N.W. 415; Ritter v. City of Fort Madison, 212 Iowa 564, 234 N.W. 814. The judgment must be reversed because of this error. Since the case must be retried, we consider defendant's other assignments of error which will likely arise on retrial.

■■■ II. *Sufficiency of Evidence.* The evidence abundantly established corpus delicti. The partition was broken through from the car-cleaning establishment into the garage. The obvious purpose was larceny—the broken truck window and missing cigarettes showed that. But was defendant the perpetrator? On that point, defendant contends the evidence was insufficient.

■■■ The crime of breaking and entering is not usually committed openly, and proof is often dependent upon circumstantial evidence. Frequently the proof of corpus delicti shows, as here, that larceny was committed in connection with the breaking and entering, and the evidence further discloses the defendant in possession of the recently stolen property. The rule in this state is that "[p]roof of defendant's possession of recently stolen property when it is also shown that the larceny took place in connection with a burglary is sufficient to

warrant a conviction of breaking and entering." State v. Jensen, 245 Iowa 1363, 1373, 66 N.W.2d 480, 485. See also State v. Hobbs, 252 Iowa 439, 107 N.W.2d 242; State v. Gates, 246 Iowa 344, 67 N.W.2d 579. The evidence here of the cigarettes in the Chevrolet car with defendant, and Mayernick's identification of one of the cartons, brings the present case within this rule. The State was not required to introduce that carton in evidence. State v. Humburd, 178 N.W.2d 318 (Iowa); Mora v. United States, 190 F.2d 749 (5 Cir.). The case was for the jury.

■■■ III. *Motion to Dismiss.* When the police placed defendant in jail on November 8, 1971, they charged him by preliminary information in municipal court with breaking and entering, which is an indictable offense. See § 708.8, Code 1971. The only jurisdiction which the municipal court had, sitting as a magistrate, was to hold a preliminary examination. §§ 602.15, 748.1, 748.2. The municipal court never did hold such an examination or allow defendant to waive the same. Consequently that court never did hold defendant to answer to the action of the grand jury.

Our statutes not only contemplate prompt indictment and trial, they also contemplate prompt action by the magistrate in holding a preliminary examination or allowing the accused to waive the same. § 761.1 ("After waiting a reasonable time for or on the appearance of counsel for defendant, the magistrate shall immediately proceed with the preliminary examination, or may allow the defendant to waive the same.").

The proceedings broke down at this preliminary stage. The cause is not apparent from the evidence. Since defendant had just been involved in another case, the officials may have thought that Mr. Needles was representing him in connection with the present incident. However that may be, defendant was not afforded a preliminary examination or allowed to waive one. But he was not without a remedy. Doubt-

less he could have secured relief by writ of habeas corpus under chapter 663 of the Code.

When an attorney was eventually appointed for defendant, however, the attorney did not seek such a writ or ask the municipal court to hold a preliminary examination. Instead, the attorney filed a demand for speedy indictment—at a time when defendant had not yet been held to answer to the grand jury. Rather than granting that motion, the municipal court should have done what it had jurisdiction as a magistrate to do—immediately set the preliminary information for preliminary examination. Ironically, the municipal court purported to find the grand jury in default for failure to indict whereas the municipal court itself was in default in failing to hold a preliminary examination so that the case would go forward to the grand jury in the regular way.

 Subsequently a county attorney's information was filed in district court, see State v. Collins, 260 Iowa 1366, 152 N.W. 2d 612, and defendant filed a motion to dismiss in that court on the ground that the grand jury did not indict him (or a county attorney's information was not filed) within 30 days from November 8, 1971. The district court had jurisdiction to entertain this motion and did so. Was the motion good? This question takes us into our criminal procedure from arrest forward as contemplated by our statutes.

As seen, when an accused, charged with an indictable offense, is brought before a magistrate, the magistrate must promptly afford him a preliminary examination or allow him to waive the same. Code 1971, § 761.1. If such examination shows that an indictable offense was committed and sufficient reason exists for believing the defendant to be guilty, or if the defendant waives the examination, the magistrate orders that the defendant be held to answer —in the language of the statute, "I order that he be *held to answer* the same." (Italics added.) § 761.18. The magistrate

then sets bail, § 761.19 ("I have admitted him to bail to answer thereto"), and issues a warrant, § 761.20 ("held to answer"). When the accused is thus held to answer, the magistrate promptly transmits the papers to the district court. § 761.25. In the district court, those papers are laid before the grand jury for its action. § 771.18. See also §§ 770.3, 770.4 (challenges to grand jury by defendants "held to answer").

Going forward with the procedure, our statutes further provide, "When a person is *held to answer* for a public offense, if an indictment be not found against him within thirty days, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown. . . ." (Italics added.) § 795.1.

 These statutes make plain that § 795.1 comes into operation by its own language and as a part of the regular procedure when an accused is *held to answer* after preliminary examination or waiver of same. See State v. Lindloff, 161 N.W.2d 741 (Iowa); State v. Bowers, 162 N.W.2d 484 (Iowa). The court did not hold to the contrary in State v. Satterfield, 257 Iowa 1193, 136 N.W.2d 257, or in State v. Olson, 259 Iowa 756, 145 N.W.2d 645. In Satterfield the accused was returned to the penitentiary and confined under a previous conviction; a preliminary information never was filed for the offense in question. In Olson the accused was in fact held to answer.

Our code of criminal procedure was adopted at one time in the Code of 1851, which itself was enacted as one statute. Code 1851, p. 1. The various sections we have cited using the words "held to answer" were all enacted as part of Title XXII of that Code. Many of the provisions of that title came from New York. In that state it has been held that "held to answer" in the section corresponding to our § 795.1 means held to answer by the magistrate in the section corresponding to our § 761.18. The

court said this in People v. Gearns, 14 Misc.2d 1010, 1011, 180 N.Y.S.2d 875, 877:

> Section 667 of the Code of Crim.Proc. provides as follows:
>
> > "When a person has been *held to answer* for a crime, if an indictment be not found against him, at the next term of the court at which he is *held, to answer,* the court may on application of the defendant order the prosecution to be dismissed, unless good cause to the contrary be shown." (Italics mine.)

The meaning of the words "held, to answer" is to be found in Section 208 of the Code of Crim.Proc. That section provides in its pertinent parts that "if . . . it appear from the examination that a crime has been committed and that there is sufficient cause to believe the defendant guilty thereof, the magistrate . . . [will order] that he be *held to answer* the same." (Italics mine.) Thus, it is clear that "held to answer" refers to situations where the magistrate holds a defendant either for the Court of Special Sessions or for the actions of the Grand Jury.

Since defendant here was not "held to answer," § 795.1 was inapplicable, and the district court properly overruled the motion to dismiss.

Other alleged errors are not likely to arise on retrial. We will say, however, that we doubt the propriety of the prosecutor's interrogatory about defendant's use of drugs, unless the prosecutor is prepared to show in addition that the drugs did not prevent defendant from forming intent—to counter the defense of intoxication. As to the trial court's failure to instruct sua sponte that consideration of defendant's previous felony convictions must be limited to defendant's credibility as a witness, admittedly our prior decisions are not very conclusive. We hold, however, that in trials commencing after the filing of this opinion, such an instruction must be given by trial courts on their own initiative. See State v. Anderson, 159 N.W.2d 809, 813 (Iowa) ("In order to avoid any charge that this evidence was improperly considered by the jury, we conclude the instruction was appropriate and necessary."); State v. Milford, 186 N.W.2d 590 (Iowa); State v. Shipp, 184 N.W.2d 679 (Iowa); Note, 21 Drake L.Rev. 488, 562–563.

Reversed.