STATE of Iowa, Appellee,

v.

Edward Oliver MORNINGSTAR, Appellant.

No. 54718.

Supreme Court of Iowa.

May 23, 1973.

J. R. McManus, and N. B. Wilson, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., and Stanley R. Simpson, Boone County Atty., for appellee.

UHLENHOPP, Justice.

The main question in this criminal appeal is whether the charge was filed in time.

The chronology of events relative to the claimed errors which were preserved is this. On February 6, 1970, an officer arrested and incarcerated defendant Edward Oliver Morningstar for allegedly operating a motor vehicle while intoxicated. On February 7, 1970, the officer took defendant before a magistrate and defendant posted bail. The magistrate did not hold a preliminary examination nor did defendant waive one.

On April 7, 1970, the prosecutor charged defendant by county attorney's information with driving while intoxicated. On May 13, 1970, defendant pleaded not guilty and moved to dismiss the information on the ground that it was filed too late. Subse-

quently defendant's motion to dismiss was overruled, the case was tried, defendant was convicted and sentenced, and he appealed.

In this court defendant advances two main propositions which were preserved in the trial court: first, the offense of driving while intoxicated under § 321.281 of the Code of 1966 was repealed prior to this incident by chapter 205 of the Acts of the 63rd General Assembly, and second, the trial court should have sustained defendant's motion to dismiss the county attorney's information as untimely filed.

■ I. *Offense of Driving While Intoxicated.* Defendant is correct that the offense of operating a motor vehicle "while in an intoxicated condition" in § 321.281 of the Code of 1966 was changed by the legislature in 1969 to operating a motor vehicle "while under the influence of an alcoholic beverage." 63 G.A. ch. 205, § 1. We have held, however, that the two quoted expressions mean the same thing and constitute the same offense. State v. Davis, 196 N.W.2d 885 (Iowa). Defendant's first proposition is therefore without merit.

II. *Defendant's Motion to Dismiss.* Defendant predicated his motion to dismiss the county attorney's information on § 795.1 of the Code. In that connection he also urged the invalidity of the demand-waiver rule and asserted constitutional doctrines.

Section 795.1 deals with speedy indictment. Defendant's difficulty relates to applicability of that section to the facts here. The section provides in part:

When a person is *held to answer* for a public offense, if an indictment be not found against him within thirty days, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown. (Italics added.)

See also § 769.13 (provisions relating to indictments apply to county attorney informations).

The words "held to answer" in § 795.1 are not used by the legislature in that section only; they are also used in the following regular progression of steps in our criminal procedure from the commencement of the prosecution down to § 795.1 itself:

1. After preliminary examination showing sufficient reason to commit the accused, or on waiver by the accused, the magistrate orders that the accused be "held to answer." § 761.18.

2. The magistrate thereupon sets bail for defendant "to answer." § 761.19.

3. The magistrate then issues a warrant reciting that the accused is "held to answer." § 761.20.

4. The magistrate next transmits the papers to district court relating to an accused when the magistrate has "held him to answer." § 761.25.

5. In district court, the accused may challenge the jury if he has been "held to answer." §§ 770.3, 770.4.

6. Also in district court, the clerk lays the papers before the grand jury relating to an accused who has been "held to answer." § 771.18.

7. Finally, the prosecution must be dismissed if the grand jury does not indict an accused who has been "held to answer." § 795.1.

These steps involving the expression "held to answer" were not enacted in separate statutes or at different times but rather in one act. See Code 1851, p. 1 and §§ 2872, 2874, 2875, 2880, 2882, 2890, 3248. "In the construction of a statute, it is ordinarily regarded as reasonable to assume, or presume, or conclude prima facie, that words used in one place in a legislative enactment has the same meaning in every other place in the statute,—especially

where the word or phrase is repeatedly used therein." 50 Am.Jur. Statutes § 271 at 259. See also 82 C.J.S. Statutes § 348 at 728.

 In view of these considerations, we recently held that the expression "held to answer" in § 795.1 means held to answer by a magistrate after a preliminary examination or waiver of same under preceding §§ 761.1 and 761.18. State v. Mays, 204 N.W.2d 862 (Iowa). We adhere to that decision. In New York, from which we borrowed the statute, the same result was reached. People v. Gearns, 14 Misc.2d 1010, 180 N.Y.S.2d 875. This defendant was not held to answer, and we hold that § 795.1 is not applicable.

 Since § 795.1 is inapplicable, we need not consider defendant's attack upon our former rule that a person who is held to answer must demand speedy trial or he waives the benefit of that section. However, were § 795.1 applicable, failure to make a demand would not have prevented operation of that section, for we have recently eliminated demand as a prerequisite to operation of the section. State v. Gorham, 206 N.W.2d 908 (Iowa).

 The constitutional doctrines defendant urged in his motion to dismiss the county attorney's information were apparently part of his attack upon the demand-waiver rule under § 795.1. Since demand is no longer a prerequisite, we need not consider the constitutional doctrines. Defendant cannot successfully contend that the hiatus here between the arrest and the filing of the county attorney's information —from February 6, 1970, to April 7, 1970— rose to the level of unconstitutional delay. See Barker v. Wingo, 407 U.S. 514, 92 S. Ct. 2182, 33 L.Ed.2d 101; State v. Kimball, 203 N.W.2d 296 (Iowa).

The verdict and sentence must stand.

Affirmed.

All Justices concur except REES, MASON and RAWLINGS, JJ., who dissent.

REES, Justice (dissenting).

I respectfully dissent from Division II of the majority opinion and the result.

I believe a more detailed recitation of the background facts are necessary to a full understanding of the case. On February 6, 1970 defendant was arrested for allegedly driving a motor vehicle upon the public highway while intoxicated, the arrest occurring some time shortly before noon. Defendant was placed under arrest and incarcerated in the city jail at Madrid, and the following day was taken before a magistrate, the mayor of Madrid, where bond was fixed in the sum of $300, and upon defendant's posting the same he was released. No preliminary hearing was held then or at any other time so far as the record discloses, nor does the record reflect any waiver of preliminary hearing on the part of defendant.

The county attorney's information was filed in the office of the clerk of the district court of Boone County on April 7, 1970, and on May 13 defendant appeared, was arraigned and pleaded not guilty. He was not represented by counsel at any time prior to the appearance on May 13, at which time he was arraigned and entered his not guilty plea.

Also on May 13, 1970 defendant filed his motion to dismiss the information on the grounds defendant was charged by the information filed April 7 with the commission of the offense on February 6, and that no indictment had ever been found, returned, presented or filed by the grand jury, and that more than thirty days had intervened between the date of the alleged commission of the offense and the filing of the information. He further asserted as a grounds for dismissal that he had never had a preliminary hearing in connection with the matter, had never waived the same, had never appeared by or through an attorney, and had never been represented by legal counsel at any stage of the proceedings up to the date of his arraignment. He further asserted there was never any

time or place when or where he could have filed any request or made any demand of any kind, character, nature or description to assert or protect his legal rights between the date of the alleged commission of the offense and the filing of the information, as he had no knowledge the county attorney planned or intended to file an information against him.

Defendant further alleged in his motion to dismiss that if he were forced to defend himself and go to trial before a jury on the information, such action would result in denying him effective assistance of counsel, the right to a speedy trial, due process of law, and the equal protection of law guaranteed him by sections 9 and 10 of Article I of the Iowa Constitution, the Sixth Amendment and section 1 of the Fourteenth Amendment to the Constitution of the United States, and all of his rights under section 795.1, The Code, 1966.

Defendant's motion to dismiss was submitted to the court and overruled by enrolled order filed June 3, 1970. On May 15, 1970 defendant had filed his motion and demand for a speedy trial, in accordance with the provisions of section 795.1, The Code, 1966, as amended, and section 795.2 of the Code. The cause then proceeded to trial, commencing June 22, 1970 and resulted in a verdict of guilty returned by the jury on June 23.

I am unable to agree under the circumstances and the facts of this case that the defendant here was not in reality "held to answer" for a public offense. A preliminary information had been filed against him, he had posted bond, and had been released without further formality. Under section 761.1, The Code, upon the arrest of a defendant and the filing of a preliminary information, the magistrate must immediately (after waiting a reasonable time for appearance of counsel) hold a preliminary examination or allow defendant to waive same. In this matter no preliminary examination was held, nor did the defendant waive such preliminary examination. The record does not show he was afforded any opportunity to waive such preliminary examination. The deprivation of an accused of the exercise of one statutory right (in this case, the right to a preliminary examination) should not be used as justification for depriving an accused of another statutory right (the right to speedy indictment). This is what was done in State v. Mays, 204 N.W.2d 862 (Iowa filed February 21, 1973), in which I concurred, but which I would now vote to overrule.

In American Bar Association Standards for Criminal Justice, Standards Relating to Speedy Trial, p. 19, § 2.2(a), the committee discusses the question of a person being "held to answer", and says:

"This is the date on which the defendant was brought before a judicial officer on some allegation of a crime or crimes (not necessarily a charge, as heretofore defined) upon which that judicial officer ordered the defendant thereafter held in custody or released on bail or recognizance."

I believe the foregoing to be the proper meaning of the phrase "held to answer", and it is at this time (whenever he is either held in custody or released on bail or recognizance) that the protective safeguards should attach. The United States Supreme Court has recognized this problem, and speaks to the issue in United States v. Marion, 404 U.S. 307, at page 320, 92 S.Ct. 455, at page 463, 30 L.Ed.2d 468 (1972):

"Arrest is a public act that may seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy and create anxiety in him, his family and his friends. * * * So viewed, it is readily understandable that it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engages the particu-

lar protections of speedy-trial provision of the Sixth Amendment.

"Invocation of the speedy-trial provision thus need not await indictment, information or other formal charge."

I cannot disregard the fact defendant was released on bail, although he was not afforded a preliminary hearing, albeit he never at any time requested one, and in short it seems unreasonable to hold that defendant was not "held to answer" when all the other incidents of a formal charge could be deemed to have been operative against him. Therefore, I would hold defendant, insofar as the facts of this case are relatable to the provisions of section 795.1, The Code, 1966, should be considered as having been "held to answer".

I would reverse the trial court. I would forthrightly overrule State v. Mays, *supra,* and settle this troublesome question once and for all.

MASON and RAWLINGS, JJ., join in this dissent.