STATE of Iowa, Appellee,

v.

Wayne SOWLE, Appellant.

No. 56344.

Supreme Court of Iowa.

May 22, 1974.

James P. Walters of Whitesell Law Firm, Iowa Falls, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., and Allan M. Oppen, County Atty., for appellee.

Heard before MOORE, C. J., and Le-GRAND, REES, UHLENHOPP and McCORMICK, JJ.

MOORE, Chief Justice.

Defendant, Wayne Sowle, appeals from conviction and sentence for the crime of operating a motor vehicle without the owner's consent, in violation ·of Code section 321.76.

Defendant asserts the trial court erred, first in not on its own motion and later on defendant's motion, in failing to dismiss the charge against him as having been filed too late timewise in violation of Code section 795.1. It provides:

"When a person is held to answer for a public offense, if an indictment be not found against him within thirty days, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown. An accused not admitted to bail and unrepresented by legal counsel shall not be deemed to have waived the privilege of dismissal or be held to make demand or request to enforce a guarantee of speedy trial, and the court on its own motion shall carry out the provisions of this section as to dismissal."

Appeal counsel and the assistant attorney general stipulated that in lieu of a printed abstract of record this appeal would be submitted on the certified court reporter's transcript of defendant's motion to dismiss made on March 21, 1973 together with certified copies of docket and calendar entries. With such a scant record oral argument proved of little value. We therefore ordered certification of all records, including those of the justice of the peace before whom defendant first appeared. Rule

341(d), Rules of Civil Procedure. From the various documents as thus supplemented we glean the following.

On September 9, 1972 defendant was held, under commitment, at the Iowa Training School for Boys at Eldora, Hardin County. He stole a truck from the school and drove away. A short time later he was recaptured and taken to the Hardin County jail. On September 10, 1972 defendant was taken to the court of Craig O. Froning, justice of the peace. The justice read to defendant a preliminary information charging defendant with larceny of a motor vehicle. Defendant entered no plea. A $1000 appearance bond was set. It was not posted. Defendant was returned to the county jail. October 4 defendant filed an application for appointment of counsel. The justice of the peace found defendant was without indebtedness and had $278.27 readily available to him. Defendant's application for appointment of counsel was denied.

On October 16, 1972 a county attorney's information was filed charging defendant with operating a motor vehicle without the owner's consent, in violation of Code section 321.76. Defendant that same day appeared in the District Court. Counsel was appointed to represent him. The case was assigned to Juvenile Court and defendant returned to the Training School for Boys.

On November 14, 1972 defendant's case was transferred back to the District Court. Defendant waived formal arraigment and entered a plea of not guilty. On February 19, 1973 at defendant's request a change of appointed counsel was made.

Either immediately before or after the trial jury was selected on March 21, 1973, defendant made a motion to dismiss the charge as "in violation of Section 795 of the 1971 Code of Iowa." Apparently section 795.1 was meant. His motion set out the events between September 10 and October 16, 1972. He referred to his incarceration in the county jail without counsel for more than 30 days and alleged the court should have on its own motion dismissed the charge on October 16.

The specific question presented is whether defendant was entitled to a dismissal under the provisions of section 795.1 after having been in jail more than 30 days without counsel.

In State v. Mays, Iowa, 204 N.W.2d 862 and State v. Morningstar, Iowa, 207 N.W. 2d 772, we analyzed the meaning and requirements of section 795.1, particularly "held to answer."

In both Mays and Morningstar we held the expression "held to answer" in section 795.1 means held to answer by a magistrate after a preliminary hearing or waiver of the same and that the 30 days starts to run after a defendant is so held.

In the case at bar defendant, Wayne Sowle, was not "held to answer" by the justice of the peace as required by section 795.1.

This case is prior to State v. Gorham, Iowa, 206 N.W.2d 908. It is not controlled by Gorham.

Defendant was not entitled to a dismissal on the court's own motion on October 16 or on his March 21 motion. We need not determine the State's contention the latter came too late under our holding in State v. Allnutt, 261 Iowa 910, 156 N.W.2d 274.

We have considered defendant's contentions and find no reversible error. The lower court judgment must be affirmed.

Affirmed.