STATE of Iowa, Appellee,

v.

Reedy THOMAS, Appellant.

No. 56830.

Supreme Court of Iowa.

Oct. 16, 1974.

Dale E. Sharp, Ames, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., Des Moines, Ruth M. Harkin, Co. Atty., and Robert L. Huffer, Asst. Co. Atty., for appellee.

REES, Justice.

Defendant was informed against by county attorney's true information filed in the Municipal Court of the City of Ames on May 21, 1973, with unlawful possession of a controlled substance, namely, marijuana, in violation of section 204.401, subparagraph 3, The Code, 1973. He was tried to a jury, convicted and sentenced, and now appeals. We affirm.

During the evening hours of May 19, 1973 a witness observed two men walking in an alley in Ames, and also noticed a dark blue Chevrolet automobile with Ohio plates parked near his apartment. The witness entered his own living quarters and continued to observe the two men, and saw one of them carrying from the direction of a house located at 924 Kellogg in Ames a large

object appearing to be furniture which the man then placed in the trunk of the Chevrolet automobile. The witness then called the police department. Shortly thereafter the automobile was stopped by officers responding to the call and defendant and the other occupant of the car were arrested. An inspection was then made of the residence at 924 Kellogg Street, and evidence was found indicating the dwelling had been forcibly entered.

A search warrant was subsequently obtained authorizing the search of the Chevrolet automobile, the warrant directing the peace officer to search for "furniture". The automobile was searched and a phonograph, some tools and seven plastic bags of a green plantlike material were seized.

In order to fully understand the issues presented by this appeal, a detailed chronology of proceedings must be set out. As stated above, defendant was arrested on March 19, 1973. A preliminary information was filed charging defendant with possession of marijuana on the following day, March 20. On March 29 defendant appeared with his counsel before then Municipal Judge McKinney, indicated his intention to plead not guilty, and requested a preliminary hearing, which was set for April 17. On April 17 the Municipal Judge made the following handwritten note on the record: "Court advised that county attorney is filing his information in this case. Case continued pending said filing. JLM." There is no showing in the record as to whether defendant or his counsel was present on April 17 when the handwritten note was entered on the record.

On May 21, 1973 the county attorney's true information was filed. On May 23 defendant filed his motion to suppress the use of any evidence at trial obtained as the result of the execution of the search warrant, and the search of his automobile, on the grounds the search violated his rights under the 4th Amendment to the United States Constitution for that it was not conducted in a lawful manner, the items seized were not specified in the warrant and there

was no reasonable relationship between the search authorized by the warrant and the seizure of the marijuana. Hearing was had on the motion to suppress on May 30. Evidence was introduced, and at the close of the hearing the court orally overruled the motion to suppress.

Also on May 30, 1973, defendant filed his written request for the personal appearance of an employee or technician of the State Criminalistics Laboratory at trial. No ruling appears to have been entered on said request.

On July 26, 1973 defendant filed a motion to dismiss, asserting he had been charged by preliminary information in the Municipal Court of Ames on March 20, 1973, he had appeared on March 29, 1973, and that a preliminary hearing was set at that time for April 17, 1973. He further stated the preliminary hearing was not held because the court had been informed by the county attorney that a true information was to be filed, and that the same was subsequently filed on May 21, 1973, and that thereafter a trial date was set for June 18, 1973 but continued at the request of the county attorney's office. He asserted that more than 30 days had elapsed between the time he was charged and the filing of the county attorney's information, more than 60 days had elapsed between the date of the filing of the county attorney's information and the date defendant would be brought to trial, and that no good cause had been shown or could be shown on the part of the State for the delay in the filing of the county attorney's information and in bringing defendant to trial. The motion of the defendant to dismiss was overruled.

On August 7, 1973 defendant filed a written motion for separate trial, asserting his trial jointly with Michael Ellens, his companion when arrested, would be to his prejudice. It is noted Ellens and defendant were not informed against jointly, but were charged by separate informations with the commission of the same offense under the same conditions and circumstances. The

motion for separate trial was overruled, and trial commenced on August 7, 1973.

Defendant presents the following issues for review:

(1) The search of defendant's automobile was conducted in an unlawful manner and not pursuant to a valid search warrant.

(2) Defendant was not timely charged by county attorney's information.

(3) Defendant was not timely tried for the alleged offense.

(4) Defendant's joint trial with his co-actor Michael Ellens was improper in view of defendant's objections thereto.

(5) Trial court erred in permitting the witness Eck to testify, the name of the witness not having been endorsed on the information nor any notice of additional testimony naming him having been served on defendant.

(6) Trial court erred in admitting into evidence Exhibit 2, a large plastic bag containing several smaller plastic bags of a green plantlike material.

I. We give consideration first to defendant's second issue presented for review, namely, his contention he was not timely charged by county attorney's information, the information not having been filed in conformity with § 795.1, The Code, 1973.

Defendant was arrested on March 19, 1973 and on the following day was charged in Municipal Court in Ames with the crime of possession of marijuana. On March 29 he appeared in the Municipal Court, indicated his intention to plead not guilty, and requested a preliminary hearing, which was set for April 17. On April 17 the order referred to in the foregoing chronology was entered by the court, and the matter was continued pending the filing of a true information which the court had been informed the county attorney intended to file. The county attorney's information was filed 34 days thereafter, on May 21.

Defendant cites and relies on State v. Mays, 204 N.W.2d 862 (Iowa 1973) and State v. Morningstar, 207 N.W.2d 772 (Iowa 1973). While defendant contends he was "effectively held to answer on April 17, 1973, if not before", we cannot conclude his contention in this regard is borne out by the record. No preliminary hearing was held and there is no showing in the record of any express waiver of same. Our pronouncements in State v. Mays and State v. Morningstar, *supra*, control here, and we are constrained to hold, and do hold, defendant has made no showing of the deprivation of his right to speedy indictment. His contention otherwise is without merit.

II. In the third issue presented for review, defendant asserts he was not timely tried for the offense charged and was denied a speedy trial as guaranteed him by § 795.2, The Code, 1973.

As noted above, the county attorney's true information was filed on May 21, 1973. Two days later defendant filed a motion to suppress evidence. Hearing on the motion was held on May 30, and the motion was overruled the same day. On July 26 defendant filed a motion to dismiss, claiming he had not been informed upon within 30 days from the date he first appeared in Municipal Court—March 29, and had not been brought to trial within 60 days after the county attorney filed his information, and that no good cause had been shown or could be shown for the delay. The motion to dismiss was overruled on August 6.

There is no question the defendant was not brought to trial within 60 days as is required by § 795.2 of the Code. While admitting the delay, the State argues that the 18-day violation did not require dismissal because there was a showing of cause therefor. Though the State itself made no showing of good cause, and filed no resistance to defendant's motion to dismiss, the court took judicial notice of the transition to the Unified Court System and the administrative confusion over the handling of jury trials during the transition period. The transition to the Unified Court took place July 1, 1973. The defendant contends

the court was not justified in taking judicial notice of such transition, and the circumstances so judicially noted did not constitute good cause as envisioned by the statute.

The trial court was justified in taking judicial notice of the fact the judicial system was being reorganized during the month of July, 1973. Courts properly take judicial notice of the public and private official acts of judicial departments of the state, and may take judicial notice of the ordinary course of business in an office of the court. They may judicially notice where the courts are sitting and where they formerly sat. The court has judicial knowledge of its own administrative structure. 31 C.J.S. Evidence §§ 44, 45, page 1000.

We conclude the circumstances judicially noticed by the court, and the fact of the reorganization of the court structure constituted good cause for the court's overruling of defendant's motion to dismiss. Good cause was shown for the delay in trial, and there is no substantial merit in defendant's contention otherwise.

III. Defendant contends the search of his automobile was not conducted pursuant to a valid warrant in that the description of the items sought, namely, furniture, was not specific enough to justify the seizure of the controlled substance, for the possession of which defendant was informed against. He contends the marijuana seized was outside the scope of the search warrant, and the seizure thereof violated § 751.4, The Code, and Article I, § 8, of the Iowa Constitution. Section 751.4 requires the information for the search warrant describe "with reasonable certainty * * * the property to be seized * * *". The Constitution requires " * * * no warrant shall issue but on probable cause, supported by oath or affirmation, particularly describing the place to be searched, and the person and *things to be seized."*

Obviously, the marijuana seized and upon which the prosecution of the defendant here is based could not by any stretch of the imagination be considered "furniture". It should be noted, however, that some of the contraband seized was in plain view of the officers when they made a visual inspection of the automobile from outside same and before the warrant was issued.

In State v. Wesson, 260 Iowa 781, 784–785, 150 N.W.2d 284, 286, we clearly spelled out the rule authorizing seizure of items not specifically particularized in the application for the warrant or in the warrant itself:

"The rule applicable here, widely supported by authority, is that if entry of the premises is authorized and the search is valid, the Fourth Amendment does not inhibit the seizure of property the possession of which is a crime, even though the searching officers were not aware such property was on the premises when the search was initiated."

"Accordingly, officers searching for certain goods described in the search warrant under which they are operating are not necessarily limited to a seizure of the goods therein described, since they may, while making a legal search pursuant to the warrant, seize stolen goods or contraband found on the premises."

See also, State v. Hardesty, 261 Iowa 382, 389, 153 N.W.2d 464, 469; Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399. Under the rule enunciated in *Wesson, supra,* if the entry of the automobile was authorized, the search was valid and possession of the seized contraband was not illegal. We see no necessity for elaborating further on this contention of the defendant, and conclude it is without merit.

IV. Defendant also challenges the introduction of Exhibit 2, the bags of marijuana, in evidence, and contends no proper foundation was laid for the admission of the exhibit. He asserts one of the persons who was a link in the chain of custody did not testify and that there was a possibility of other missing links.

■ We have said we will not overturn a ruling on admissibility of evidence except for clear abuse of discretion. State v. Lunsford, 204 N.W.2d 613, 617 (Iowa 1973). This comports with the federal standard. See Gallego v. United States, 276 F.2d 914, 917 (9 Cir. 1960). The only objection lodged to the offer into evidence of the marijuana was a statement by defendant's counsel as follows:

"Primarily, I don't believe the proper foundation has been laid for the chain of evidence."

Such an objection we have held to be too general and thus ineffective to preserve a question for review. State v. Buchanan, 207 N.W.2d 784, 788 (Iowa 1973); State v. Wright, 191 N.W.2d 638, 642 (Iowa 1971).

In Lunsford, *supra*, 204 N.W.2d at page 616, the objection to the introduction of evidence asserting foundation had not been properly laid was there had not been "a complete proper chain of evidence established by credible testimony". In *Lunsford*, we treated the objection as preserving error only because the State and the trial court had been informed through prior objections that the defense contended the exhibits could be received in evidence only when all persons who had had custody had been called to testify. We went on to say further, however: "We do not wish to be understood as approving the form of the objection. We do not approve it. A foundation objection must be sufficiently specific to alert trial court and opposing counsel to its basis."

■ We conclude the objection to the admissibility of the marijuana was inadequate to preserve error. Nonetheless, were we to reach the merits on this issue, we are satisfied the proof of the chain of custody of the physical exhibit was adequately established.

V. Defendant contends trial court erred in permitting the witness Stephen Eck to testify since Eck's name was not listed on the county attorney's information, and no notice of additional testimony was served on defendant as required by §§ 769.5 and 780.10, The Code, 1973. A proper objection was lodged to Eck's testifying when he was called. Eck was employed as a chemist by the Iowa Criminalistics Laboratory at Des Moines.

It appears from the record a copy of the laboratory report of the State Criminalistics Laboratory was furnished in advance of trial to counsel for defendant in conformity with the requirements of § 749A.4, The Code. In addition we note the defendant filed his written request in advance of trial for the appearance of the laboratory technician to testify in person on behalf of the State. Section 749A.2, The Code, provides in pertinent part:

" * * * An accused person or his attorney may request that such employee or technician testify in person at a criminal trial on behalf of the state before a jury or to the court by notifying the proper county attorney at least ten days before the date of such criminal trial."

■ It is obviously inconsistent for the defendant to request the technician to appear, and then object to his appearance. While the name of the witness Eck did not appear in the minutes of the testimony, the substance of his testimony did appear, and the defendant therefore had an indication of what the testimony of the chemist would be. In the light of defendant's request for the technician to appear, we are unable to conclude the trial court erred in overruling defendant's objections to the appearance at trial of the witness Eck for the purpose of testifying. We must therefore hold there is no merit in defendant's contention in this regard.

VI. The remaining issue presented for review is defendant's contention the trial court erred in overruling his motion for separate trial and requiring him to be tried jointly with Michael Ellens.

■ Defendant and Ellens were not informed against jointly; they were informed against by separate county attorney's true informations with identical offenses. Both

defendant and Ellens were charged with violating the same provision of the statute, namely, § 204.401(3), The Code, and the charges against each of them involved common questions of law and fact.

Section 204.408 provides:

"Information, indictments, trial, and sentencing for violations of this chapter may allege any number of violations of their provisions against one person and join one or more persons as defendants who it is alleged violated the same provisions in the same transaction or series of transactions and which involve common questions of law and fact. The several charges shall be set out in separate counts and each accused person shall be convicted or acquitted upon each count by separate verdict. Each accused person shall thereafter be sentenced upon each verdict of guilty. The court may consider such separate verdicts of guilty returned at the same time as one offense for the purpose of sentencing as provided in this chapter. The court may grant a severance and separate trial to any accused person jointly charged or indicted if it appears that substantial injustice would result to such accused person unless a separate trial was granted."

Under the provisions of the above cited section, consolidation for trial of the matter under consideration and the case involving Ellens was within the sound discretion of the trial court. We perceive no merit in defendant's contention trial court erred in refusing to grant a separate trial.

We find no reversible error in the record in this case, and affirm the trial court.

Affirmed.

All Justices concur, except MASON and RAWLINGS, JJ., who dissent.

MASON, Justice (dissenting).

I dissent for the reasons expressed in the dissent in State v. Morningstar, 207 N.W.2d at 775–777.

RAWLINGS, J., joins in this dissent.