STATE of Iowa, Appellant,

v.

Virgil MONTGOMERY, Appellee.

No. 57226.

Supreme Court of Iowa.

Aug. 29, 1975.

Richard C. Turner, Atty. Gen., and Lyle A. Rodenburg, County Atty., for appellant.

Roderic A. Pearson, of Peters, Campbell & Pearson, Council Bluffs, for appellee.

Heard before MOORE, C. J., and REES, UHLENHOPP, REYNOLDSON and HARRIS, JJ.

HARRIS, Justice.

Virgil Montgomery (defendant) was arrested November 3, 1973 and charged with assault with intent to commit murder in violation of § 690.6, The Code. On defendant's motion the case was dismissed. On the State's appeal we reverse the trial court and remand.

Following his arrest defendant was incarcerated for two days before he appeared before an associate district court judge and entered a plea of not guilty. He requested appointment of counsel at public expense. The matter was set for the next day, November 6, 1973 at 10:00 a. m. On the following day an attorney was appointed to represent defendant. Defendant appeared with counsel as scheduled. Defendant's appearance bond was set at $2500 and a preliminary examination was set for November 28, 1973. Defendant was unable to make bail.

On November 28, 1973 preliminary examination was continued until December 12, 1973, the order stating it was done "by agreement of the parties."

On December 10, 1973 a county attorney's information was filed charging defendant with assault with intent to commit murder. The last entry on the calendar of the associate district court judge was dated December 12, 1973 and ordered dismissal of the preliminary examination at the request of the county attorney for the reason a "true information has been filed."

Defendant appeared with his court appointed counsel in district court on December 28, 1973. The calendar entry showed defendant received a copy of the information, waived time for speedy trial, and entered a plea of not guilty. The court released defendant on his own recognizance and set trial for the week of February 12, 1974. On January 28, 1974 defendant's counsel wrote the district court judge advising he would be unable to try the case the week of February 12 because of a conflict. Unsatisfied with the efforts of his counsel defendant requested a new attorney on February 26, 1974. The trial court granted his application and appointed defendant's present counsel, also at public expense.

Defendant filed a motion to dismiss on March 5, 1974 on three grounds. (1) No preliminary examination was held in accordance with § 761.1, The Code; (2) an indictment was not found against him within 30 days as required by § 795.1, The Code; and (3) defendant was not brought to trial within 60 days after filing of the information as required by § 795.2, The Code. The trial court sustained the motion on the first two grounds and did not rule on the third.

■■■ I. The State is right in its first challenge to the trial court ruling. An accused may be convicted on a county attorney's information even though a preliminary examination is not held. *State v. Franklin,* 163 N.W.2d 437, 440 (Iowa 1968); *State v. Watson,* 193 N.W.2d 96, 97 (Iowa 1971); *Furgison v. State,* 217 N.W.2d 613, 616 (Iowa 1974). Recently we reaffirmed the rule in a case where preliminary hearing had been set at the time the county attorney's information was filed. *State v. Lass,* 228 N.W.2d 758, 762–763 (Iowa 1975). It was error for the trial court to sustain the motion to dismiss on the first ground.

■■■ II. The trial court also sustained the motion to dismiss for violation of § 795.-1, The Code. That section provides: "When a person is held to answer for a public offense, if an indictment be not found against him within thirty days, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown. * * *."

The trial court was of the opinion defendant was "held to answer" within the meaning of this section. In a number of cases we have held the term "held to answer", within the meaning of § 795.1, means "held to answer by a magistrate after a prelimi-

nary examination or waiver of [the] same." *State v. Mays,* 204 N.W.2d 862 (Iowa 1973); *State v. Morningstar,* 207 N.W.2d 772 (Iowa 1973); *State v. Sowle,* 218 N.W.2d 573, 574 (Iowa 1974); *State v. Lee,* 222 N.W.2d 471 (Iowa 1974); *State v. Thomas,* 222 N.W.2d 488 (Iowa 1974); *State v. Lyles,* 225 N.W.2d 124 (Iowa 1975); *State v. Emery,* 230 N.W.2d 521 (Iowa 1975). Under this definition defendant was never held to answer within the meaning of § 795.1. The court was in error in holding there was violation of this section.

■ III. The third ground raised in the motion was a claimed violation of § 795.2, The Code. That section provides in part: "If a defendant indicted for public offense, whose trial has not been postponed upon his application, be not brought to trial within sixty days after the indictment is found, the court must order it to be dismissed, unless good cause to the contrary is shown. * * *." We recently reviewed our interpretation of this section in *Boyle v. Critelli,* 230 N.W.2d 495 (Iowa 1975). Under our interpretation of the statute since *State v. Gorham,* 206 N.W.2d 908, 913 (Iowa 1973) we have not adhered to the demand-waiver rule. The controlling principles for the question now presented were explained in *State v. Albertsen,* 228 N.W.2d 94, 96 (Iowa 1975). The State, not the defendant, has the obligation to bring a defendant to trial. However delay attributable to the defendant may constitute good cause preventing the State from carrying out its obligation. See also *State v. King,* 225 N.W.2d 337, 340 (Iowa 1975) and citations; *State v. Lyles,* 225 N.W.2d 124, 126 (Iowa 1975) and citations.

■ In the instant case the State insists it was prepared to go to trial within 60 days of December 10, 1973, the date the true information was filed. The State urges failure to bring defendant to trial within this time was due to delays on the part of defendant's counsel. Defendant was dissatisfied with his first counsel and seeks to disclaim any delays attributable to him.

But no protest of the situation was made until February 26, 1974 when defendant requested new counsel be appointed. We cannot subscribe to a rule whereunder an accused could have counsel cause delay and then, after the running of the 60 day period, renounce counsel and claim a dismissal under this section. Such a rule would make it possible for an accused to invite and cause the delay and then take advantage of it.

Although the trial court did not rule on the third ground it would have been error to sustain the motion on the basis of § 795.2, The Code.

■ IV. The final question has to do with disposition of the case. We have found the trial court was in error in sustaining the motion. The question is whether the dismissal is nevertheless final or whether the case should be remanded for trial. The question is controlled by our opinion in *State v. Buckley,* 232 N.W.2d 266 (Iowa 1975). Under the rule announced in that case the cause should be remanded for trial.

Reversed and remanded.