STATE of Iowa, Appellee,

v.

Daniel Wesley DAVIS, Appellant.

No. 60059.

Supreme Court of Iowa.

Nov. 23, 1977.

Richard O. McConville of Mullin, Mullin, McLaughlin & Harvey, Creston, for appellant.

Richard C. Turner, Atty. Gen., and Robert A. Rolfe, County Atty., for appellee.

Heard by MOORE, C. J., and MASON, LeGRAND, REYNOLDSON and HARRIS, JJ.

MOORE, Chief Justice.

Defendant appeals his conviction for breaking and entering in violation of Code section 708.8, raising as the sole assigned error trial court's pretrial order overruling his motion to dismiss for want of speedy indictment. We affirm.

The chronology of events relative to the claimed error are these. Defendant, Daniel Wesley Davis, was charged by preliminary information with the crime of breaking and entering on July 2, 1976. Subsequently he was arrested and on July 6, 1976 the magistrate set bond at $25,000 and appointed counsel. On July 9, 1976, upon motion by defendant and after hearing, the district court ordered bond reduced to $10,000. Defendant posted bond and was released on July 13. The record neither shows the magistrate held a preliminary examination nor defendant effected a waiver of same. No appearance by appointed counsel, Lennis Holm, before the magistrate is shown.

On July 30, 1976 a Union County Attorney's Information, charging defendant with the crimes of breaking and entering, larceny of property with a value over $20 and being a habitual criminal, was filed. On August 6, 1976 defendant filed a demurrer to the information which was sustained by the trial court on the basis it did not conform to the requirements of Code section 773.36 because more than one offense was charged therein. The court filed its written ruling August 13, 1976 and ordered the county attorney to resubmit the information as provided in Code section 777.9.

On the same date, August 13, 1976, the county attorney filed a second information charging defendant with breaking and entering and being a habitual criminal. A separate information charging him with larceny, not the subject of this appeal, was also filed. On August 20, 1976 defendant filed a multifaceted demurrer and separate motion to dismiss the August 13th information. Although the court overruled the motion to dismiss, the demurrer was partially sustained on the ground that sections 769.6 and 773.3 were violated by the county attorney's failure to file a supplemental information for the habitual criminal charge.

On August 24, 1976 the county attorney filed a third information, this time charging defendant with the single offense of breaking and entering. Defendant against demurred and made a separate motion to dismiss raising, inter alia, the objection the information was not filed within 30 days after he was held to answer as required by Code section 795.1, and that as a matter of "fundamental fairness" the matters should be dismissed. Trial court overruled both motions on August 26, 1976 and defendant then entered his not guilty plea. Subsequently the case was continued on defendant's motion. Defendant renewed his motion to dismiss on October 8, 1976. The court again overruled it.

The case then proceeded to trial where the jury returned a guilty verdict on the charge of breaking and entering. Defendant was subsequently sentenced to a term of not to exceed ten years in the men's penitentiary. He now appeals.

I. Defendant first contends trial court erred by overruling his motion to dismiss the county attorney's information based on section 795.1, 1975 Code.

■ Section 795.1 deals with speedy indictment and provides in relevant part:

"When a person is *held to answer* for a public offense, if an indictment be not found against him within thirty days, the court must order the prosecution to be dismissed, unless good cause to the contrary by shown. * * *." (Emphasis supplied).

The section is intended to implement federal and state constitutional provisions granting the accused the right to speedy and public trial. *State v. Bledsoe*, Iowa, 200 N.W.2d 529, 530.

■ While perhaps unnecessary to do so, we note the reference in the statute to the filing of an indictment includes also cases prosecuted on county attorney's information. Code section 769.13; *State v. Nelson,* Iowa, 222 N.W.2d 445, 447 and citations.

■ In a number of cases we have held the term "held to answer" in section 795.1 means held to answer by a magistrate after a preliminary examination or waiver of same under section 761.1 and 761.18. *State v. Proulx,* Iowa, 252 N.W.2d 426, 429; *State v. Montgomery,* Iowa, 232 N.W.2d 525, 526, 527; *State v. Emery,* Iowa, 230 N.W.2d 521, 523; *State v. Hines,* Iowa, 225 N.W.2d 156, 157; *State v. Thomas,* Iowa, 222 N.W.2d 488, 491; *State v. Lee,* Iowa, 222 N.W.2d 471, 473; *State v. Sowle,* Iowa, 218 N.W.2d 573, 574; *State v. Morningstar,* Iowa, 207 N.W.2d 772, 775; *State v. Mays,* Iowa, 204 N.W.2d 862, 866 and citations. Under this definition, as applied to the record before us, defendant was never "held to answer" within the meaning of section 795.1.

The magistrate's docket sheet for the original charge and the only record of the critical proceeding summarily provides as follows: "7/6/76. Bond set at $25,000. Court appoints Lennis Holm as counsel."

After the bond review hearing in the district court, attorney Holm became aware of a conflict of interest and therefore withdrew on July 13, 1976. His application for allowance of attorney fees made no reference to any appearance, preliminary hearing or waiver before the magistrate.

Following Holm's withdrawal present counsel, Richard O. McConville, became defendant's counsel. In the motion to dismiss he alleged and subsequently assured the court the magistrate's docket showed defendant was held to answer on July 6, 1976. Therefore the trial court's overruling of defendant's motion to dismiss was based on a finding of good cause.

Although clearly made in good faith, counsel's representation defendant had been held to answer was erroneous. Defense counsel does not otherwise argue in this court. We have examined every part of the full record and find the only entry made by the magistrate is that which we have set out above.

■ Why a preliminary examination was never held or waiver shown simply is not revealed by the record. However, because defendant was never "held to answer," the 30-day speedy requirement was never triggered. The court's ruling, although made on another ground due to counsel's erroneous assumption, is correct and will not be disturbed on appeal. *Hawkins/Korshoj v. State Bd. of Regents,* Iowa, 255 N.W.2d 124, 127; *Iowa Dept. of Rev. v. Iowa Merit Employ. Com'n.,* Iowa, 243 N.W.2d 610, 616; *State v. Price,* Iowa, 237 N.W.2d 813, 817.

The trial court correctly overruled the motion to dismiss based on section 795.1 grounds.

II. Defendant next contends trial court erred by overruling his motion to dismiss because of violation of his Fifth and Sixth Amendment rights under the United States Constitution to be free from pre-indictment delay and thereafter to be speedily tried.

■ Without reaching the State's contention this issue was not properly raised in the trial court, we hold the short delay between the alleged offense and filing of valid charge was not sufficient to deprive defendant of his due process right to be free from pre-accusatorial delay. See *United States v. Lovasco,* 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752; *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468; *State v. Burrell,* Iowa, 255 N.W.2d 119.

■ Similarly defendant cannot successfully contend the hiatus between arrest and filing of valid charges rose to the level of unconstitutional delay and denial of his Sixth Amendment speedy trial rights. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101; *State v. Morningstar,* supra, 207 N.W.2d at 775.

We hold trial court correctly overruled the motion to dismiss.

AFFIRMED.