**STATE of Iowa, Appellee,**

v.

**Sherman Junior WHITE, Appellant.**

**No. 55763.**

Supreme Court of Iowa.

Nov. 13, 1974.

**174**

Loren Thomas Hora, Davenport, for appellant.

Richard C. Turner, Atty. Gen., Thomas Mann, Jr., Asst. Atty. Gen., and Edward N. Wehr, County Atty., for appellee.

Heard by MOORE, C. J., and MASON, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

McCORMICK, Justice.

Defendant was convicted by jury in a single trial of eight felonies charged in separate counts of one county attorney's information. The charges arose from violent and tragic events which occurred in the Shamrock Tavern in Davenport on January 19, 1972. The State alleged all the offenses were committed during the course of robbery of the tavern and several of its customers by defendant and four companions. Defendant was convicted and sentenced on three counts of robbery with aggravation, three counts of murder, and two counts of assault with intent to commit murder. He appeals the convictions and sentences on three grounds, contending trial court erred (1) in overruling his pretrial motion to dismiss for lack of speedy indictment (or filing of a county attorney's information), (2) in overruling his pretrial motion to require the State to elect to try the case on only one count of the information, and (3) in overruling his motion for mistrial based upon alleged misconduct of a juror. We affirm the trial court.

I. Defendant asserts he was not indicted or charged upon county attorney's information within thirty days after being held to answer on the charges. He moved to dismiss under the provisions of § 795.1, The Code. His motion was overruled. In relevant part, the statute provides, "When a person is held to answer for a public offense, if an indictment be not found against him in thirty days, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

The problem here, as in several of our recent cases, relates to determining when defendant was "held to answer" within the meaning of the statute. See State v. Thomas, 222 N.W.2d 488 (Iowa 1974); State v. Lee, 222 N.W.2d 471 (Iowa 1974); State v. Sowle, 218 N.W.2d 573 (Iowa 1974); State v. Morningstar, 207 N.W.2d 772 (Iowa 1973); State v. Mays, 204 N.W.2d 862 (Iowa 1973). In those cases the court held an adult defendant is held to answer after a preliminary hearing is conducted or waived.

In this case we must decide at what point a juvenile who is transferred from juvenile court for prosecution in district court as an adult is held to answer within the contemplation of § 795.1.

Defendant was detained for the offenses as a juvenile, under Code § 232.19, on March 17, 1972. He was then 17 years old. A delinquency petition was filed. On April 4, 19 days after defendant's initial detention, the juvenile court, after hearing, sustained an application by the State to transfer defendant for prosecution under the criminal law pursuant to Code § 232.72. On April 19, 34 days after his arrest and 15 days after the order transferring him to adult jurisdiction, the county attorney filed an information charging defendant with the eight offenses involved in this case.

Defendant argues he was held to answer when he was detained on March 17 and consequently the county attorney's information was filed four days later than permitted by § 795.1. We do not agree.

In material part, § 232.72, The Code provides:

"When a petition alleging delinquency is based on an alleged act committed after the minor's fourteenth birthday, and the court, after a hearing, deems it contrary to the best interest of the minor or the public to retain jurisdiction, the court may enter an order making such findings and referring the alleged violation to the appropriate prosecuting authority for proper action under the criminal law."

■ An accused is not "held to answer" under Code § 795.1 unless or until he is held to answer for a crime ("held to answer for a public offense"). Proceedings in juvenile court are not prosecutions for crime. They are special proceedings which serve as an ameliorative alternative to criminal prosecution of children. In re Henderson, 199 N.W.2d 111, 116 (Iowa 1972); In re Delaney, 185 N.W.2d 726, 728 (Iowa 1971); see § 232.1, The Code.

A child under jurisdiction of the juvenile court is not held to answer for a public offense in district court until he is transferred for prosecution as an adult. Accordingly, we hold it is not until the juvenile court enters an order under Code § 232.72 transferring the child for prosecution in district court as an adult, that the child is "held to answer for a public offense." Cf. § 232.73, The Code. In this case that event occurred April 4, 1972. Defendant was informed against in district court 15 days later. The district court charge was therefore timely under § 795.1.

Trial court did not err in overruling defendant's motion to dismiss.

II. Defendant's motion to require the State to elect to try the case on only one count of the information was predicated on § 773.36, The Code, which provides:

"The indictment must charge but one offense, but it may be charged in different forms to meet the testimony, and, if it may have been committed in different modes and by different means, may allege the modes and means in the alternative."

Defendant ignores the exceptions in the next two Code sections, 773.37 and 773.38. The exception provided in § 773.38 is applicable here. It provides:

"An indictment may charge in separate counts:

1. * * *

2. A robbery and one or more other indictable offenses committed in connection with said robbery, * * *

* * *."

The State alleged all offenses in this case were committed during perpetration of robbery of the Shamrock Tavern and several of its customers. Several persons were shot during the robberies. The events were contemporaneous. Since the robberies and the other charges arose from essentially the same set of circumstances, the State was authorized by § 773.38 to charge all the offenses in separate counts of a single indictment or county attorney's information.

Trial court did not err in overruling defendant's motion to require the State to try the case on one count.

III. Defendant's assertion of misconduct by a juror was based on the fact one juror was observed conversing during a recess with a trial spectator who was a sister of one of the alleged murder victims.

When defendant moved for mistrial, the court called the juror into chambers for interrogation in the presence of counsel. The juror testified she knew the spectator 18 year's earlier, had not seen her in the intervening time, had heard her son had been ill, and talked with her only about the boy's health. She said she did not know of the lady's relationship with the victim, did not know her maiden name, and never even knew she had a brother. She insisted neither the conversation nor the court's revelation of the relationship would affect her deliberations as a juror.

The juror was cautioned by the court to refrain from any further contact with the spectator. The court then asked counsel, "Does that satisfy you, gentlemen?" One lawyer for defendant responded "Yes." We do not interpret this response as a waiver by defendant of his motion for mistrial, but we do interpret it as acquiescence by defense counsel in the procedure employed by the court to make a record in the matter.

Defendant is represented by different counsel on appeal. His present lawyer contends trial court abused its discretion in relying on only the juror's testimony in overruling the motion for mistrial. He maintains that the court should have also taken the testimony of the spectator, the other party to the conversation.

Although we believe it would have been better to do so, we do not believe the failure to do so demonstrates an abuse of discretion. Defense counsel acquiesced in the manner in which the record was made.

The court obviously found the juror's testimony to be credible and believed her contact with the spectator would not influence the verdict. This was within trial court's prerogative. A trial court has broad discretion in ruling on motions for mistrial or new trial based on alleged juror misconduct. State v. Houston, 209 N.W.2d 42, 44 (Iowa 1973). The record in this case was a sufficient predicate for the court's ruling.

Trial court did not abuse its discretion in overruling defendant's motion for mistrial.

We find no reversible error.

Affirmed.