Alan E. BERGMAN, Plaintiff,

v.

Thomas H. NELSON, As Judge of the District Court of Iowa In and For Dubuque County, Defendant.

No. 58755.

Supreme Court of Iowa.

April 14, 1976.

Stephen J. Juergens, Fuerste, Carew & Coyle, Dubuque, for plaintiff.

Richard C. Turner, Atty. Gen., William G. Enke, Asst. Atty. Gen., and Robert J. Curnan, County Atty., for defendant.

Submitted to MOORE, C. J., and Le-GRAND, UHLENHOPP, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

We granted certiorari to review a trial court order overruling plaintiff Bergman's motion to dismiss a manslaughter prosecution because of the State's failure to indict or inform against him within 30 days of the transfer of this case from the juvenile to the criminal side of district court. We sustain the writ.

On April 17, 1975, an assistant county attorney filed a petition in the Dubuque County juvenile court alleging that Alan E. Bergman, age 17, was delinquent in that he committed the crime of manslaughter in violation of § 690.10, The Code, on April 13, 1975. The accusation arose from a motor vehicle accident. On the same date the assistant county attorney also filed an application for transfer of the case for prosecution under the criminal law pursuant to § 232.72, The Code.

After a hearing, the juvenile court sustained the application for transfer by order entered June 26, 1975. More than two months later, on September 4, 1975, Bergman was indicted for manslaughter. He promptly filed a motion to dismiss the indictment, alleging failure to indict him within 30 days of his being held to answer for a public offense, in violation of § 795.1, The Code. The trial court overruled his motion, and this certiorari action challenges that ruling.

The question here is when a juvenile transferred for prosecution in criminal court is "held to answer for a public offense" within the meaning of § 795.1, The Code. In relevant part, that statute provides, "When a person is held to answer for a public offense, if an indictment be not found against him in thirty days, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

We had the same question before us in *State v. White*, 223 N.W.2d 173 (Iowa), decided November 13, 1974, more than five months before the juvenile court petition was filed against Bergman. In the *White* case, we held:

"A child under jurisdiction of the juvenile court is not held to answer for a public offense in district court until he is transferred for prosecution as an adult. Accordingly, we hold it is not until the juvenile court enters an order under Code § 232.72 transferring the child for prosecution in district court as an adult, that the child is 'held to answer for a public offense.'"

Under this holding, Bergman was held to answer for a public offense when the juvenile court transfer order was entered June 26, 1975. Since he was not indicted until September 4, 1975, and the State made no showing of good cause for the delay, he was denied his right to speedy indictment under § 795.1, The Code. ·

**16**

The trial court sought to distinguish the *White* case from the present case by noting White was being detained pending prosecution as an adult whereas the record here does not show Bergman was either detained or admitted to bail. This distinction is not controlling. In *White* we decided that a transfer proceeding under § 232.72 was in practical effect equivalent, for purposes of § 795.1, to a preliminary hearing in the situation of an adult. We found a transfer order held the juvenile to answer for a public offense in district court in the same way as an adult may be held to answer for a public offense after a preliminary hearing is conducted or waived. Whether an accused is detained or admitted to bail is relevant on the issue of good cause for delay but does not affect the initial applicability of § 795.1.

A transfer court under § 232.72 is not simply a disclaimer of juvenile court jurisdiction. It does not put the case out of court. Like an order after preliminary hearing in which probable cause is found, it binds the juvenile to the jurisdiction of the district court for criminal prosecution. As in the adult situation, the next step in prosecution is indictment or charge by county attorney's information. We reaffirm our holding in *White* that a juvenile is "held to answer for a public offense" for purposes of § 795.1 by a transfer order just as an adult is "held to answer for a public offense" by order after preliminary hearing upon a finding of probable cause.

The trial court erred in overruling Bergman's motion to dismiss.

Writ sustained.