**STATE of Iowa, Appellant,**

v.

**Raymond L. WEHDE, Appellee.**

**No. 60047.**

Supreme Court of Iowa.

Oct. 19, 1977.

Richard C. Turner, Atty. Gen., Asher E. Schroeder, Sp. Asst. Atty. Gen., Dennis D. Hogan, Asst. Atty. Gen., and Ray A. Fenton, Des Moines, County Atty., for appellant.

F. Richard Lyford, Des Moines, for appellee.

REYNOLDSON, Justice.

The State has appealed a district associate judge's ruling which held unconstitu-

tional § 321.463, The Code. This statute establishes maximum axle loads for vehicles or combinations of vehicles and prescribes a graduated scale of fines for percentages of overloads. We reverse.

August 30, 1976, defendant was driving a truck tractor and semitrailer carrying compacted garbage. He was issued the two citations involved in this appeal. One was based on an overload on axles two through five specifying a statutory fine and costs of $918.80; the other was based on an overload of axles four and five specifying a statutory fine and costs of $473.00.

September 14, 1976, defendant demurred to these charges on the grounds § 321.463 violates equal protection under amendment fourteen, United States Constitution, and the traffic citations were deficient under article I, section 11, Iowa Constitution. When the demurrer was argued defendant additionally raised a due process issue.

October 1, 1976, trial court held § 321.463 vague in violation of the fourteenth amendment due process clause. It sustained the demurrer and dismissed the charges.

The State asserts trial court erred in holding § 321.463 was unconstitutionally vague. Defendant contends trial court was right on that ground and in any event it should have held the statute denied equal protection in violation of the Iowa and Federal Constitutions. In addition, defendant challenges this court's jurisdiction on the ground the State's appeal should not have been taken to this court, but to the district court pursuant to §§ 602.32, 602.60, and 762.43, The Code, 1975.

I. *Jurisdiction.*

■ Defendant argues appeal should have been taken to district court within 10 days of the district associate judge's ruling, rather than 42 days later to this court.

Section 602.32, The Code, 1975, provides appeals from judgments or orders of district associate judges exercising the jurisdiction of judicial magistrates shall be governed by laws relating to appeals from judicial magistrates. But "[a]ppeals from judgments or orders of district associate judges while exercising any other jurisdiction conferred upon them shall be governed by the laws relating to appeals from judgments or orders from district judges." *Id.*

Defendant posits his jurisdictional challenge on article I, section 11, Iowa Constitution, which provides no person shall be held to answer for an offense in which punishment exceeds a fine of one hundred dollars, unless on presentment or indictment. Defendant reasons because he has neither been held to answer nor charged by indictment or information, the citations issued against him must have alleged a nonindictable misdemeanor. Thus the State, under the mandate of § 602.32, above, should have appealed pursuant to the nonindictable offense provisions of § 762.43, The Code, 1975.

Defendant's contention is without merit. Classification of a § 321.463 violation as a nonindictable or indictable misdemeanor is governed by relevant provisions of § 753.-15(14), The Code, 1975:

"Violations of the schedule of weight violations shall be chargeable, where the fine charged does not exceed one hundred dollars, only by uniform citation and complaint. *Violations of the schedule of weight violations, where the fine charged exceeds one hundred dollars: (1) Shall, when the violation is admitted and section 753.16 applies, be chargeable upon uniform citation and complaint, indictment, or county attorney's information, (2) but otherwise, shall be chargeable only upon indictment or county attorney's information.* In all cases of charges under the schedule of weight violations, the charge shall specify the amount of fine charged under the schedule. *Where a defendant is convicted and the fine under the foregoing schedule of weight violations exceeds one hundred dollars, the conviction shall be of an indictable offense* although section 753.16 is employed and whether the violation is charged upon uniform citation and complaint, indictment, or county attorney's information." (emphasis supplied)

Section 753.16(1), The Code, 1975, authorizes a defendant to sign an "admission of violation" on the "citation and complaint" and deliver or mail it and the specified fine and costs to the county traffic violations office. This statute further provides "[t]he admission shall constitute a conviction."

These statutory procedures are more fully explored in the next division. It is sufficient to note here that each citation and complaint against this defendant carried a scheduled fine in excess of $100 and thus charged an indictable misdemeanor under § 753.15(14), supra.

In ruling on defendant's demurrer the district associate judge obviously was exercising jurisdiction over indictable misdemeanors. The applicable rules for appeal are therefore those relating to appeals from the district court. § 602.32, The Code, 1975.

An appeal to this court can be taken within 60 days from a district court final judgment in a criminal case involving an indictable offense. §§ 793.1 and 793.2, The Code. Plaintiff's appeal was timely. This court has the requisite jurisdiction.

## II. *Due process.*

The State contends trial court erred in finding § 321.463 void for vagueness under the due process clause, amendment fourteen, United States Constitution.

Defendant's rationale, adopted by the district associate judge, incorporated an attack on the § 321.463 enforcement scheme established in §§ 753.15 and 753.16, supra.

Trial court found a defendant who pleads guilty to an alleged § 321.463 violation, and pays the specified scheduled fine under §§ 753.15 and 753.16, is charged with a nonindictable offense. However, a defendant who pleads not guilty to an alleged § 321.463 violation is charged with an indictable offense. This disparate treatment was held to violate due process by failing both to warn a defendant of potential consequences of a not guilty plea and to provide an explicit enforcement standard.

This result can be reached only by proceeding from a faulty premise and failing to apply well-established rules of review.

We recently summarized our pertinent rule for reviewing the constitutionality of legislative enactments in *State v. Robbins,* 257 N.W.2d 63, 67 (Iowa 1977), when we quoted the following from *Keasling v. Thompson,* 217 N.W.2d 687, 689 (Iowa 1974):

"Ordinarily, statutes, with notable exceptions not here involved, regularly enacted by the legislature will be accorded a strong presumption of constitutionality and all reasonable intendments must be indulged in favor of the validity of the legislation attacked. One who challenges legislation on constitutional grounds has the burden to negate every reasonable basis upon which the statute may be sustained. Where the constitutionality of a statute is merely doubtful or fairly debatable, the courts will not interfere. Thus a statute will not be declared unconstitutional unless it clearly, palpably and without doubt, infringes the constitution. *Hearth Corporation v. C–B–R Development Co., Inc.,* 210 N.W.2d 632, 636, 637; *State v. Vick,* Iowa, 205 N.W.2d 727, 729, and the many authorities cited in these opinions."

See also *John R. Grubb, Inc. v. Iowa Housing Finance Authority,* 255 N.W.2d 89, 93 (Iowa 1977); *Matter of Estate of Evans,* 255 N.W.2d 99, 101 (Iowa 1977); *Moorman Mfg. Co. v. Bair,* 254 N.W.2d 737, 743 (Iowa 1977); § 4.4, The Code, 1975.

■ Statutory language offends fourteenth amendment due process on vagueness grounds if it does not inform a person of ordinary intelligence what conduct it forbids. A penal statute must give a person of ordinary intelligence fair warning of what is prohibited, and in order to avoid arbitrary and discriminatory enforcement, must provide an explicit standard to law enforcement personnel. *Grayned v. City of Rockford,* 408 U.S. 104, 108–109, 92 S.Ct. 2294, 2298–2299, 33 L.Ed.2d 222, 227–228 (1972); *State v. Price,* 237 N.W.2d 813, 815 (Iowa 1976).

■ Turning now to the controversial statutes, we already have noted § 321.463

establishes formulas for determination of maximum legal vehicular weights and fines to be assessed when those weight limits are exceeded. Classification of an offense as nonindictable or indictable turns on the dollar amount of the fine thus computed. Section 753.15(14) requires "[i]n all cases of charges under the schedule of weight violations, the charge shall specify the amount of fine charged under the schedule." Citizens and law enforcement personnel should be capable of discerning the character of the offense by referring to the fine.

Defendants who plead not guilty to a § 321.463 violation are not penalized with an indictable charge merely for failing to plead guilty. Sections 753.15 and 753.16 permit alternative procedures in prosecuting § 321.463 violations. A defendant may admit a weight violation and pay the fine without court appearance. According to § 753.16(1), "[t]he admission shall constitute a conviction." Section 753.15(14) states that conviction of a weight violation when the fine exceeds $100 shall be of an indictable offense without regard to the procedure by which conviction was obtained.

There is an anomaly more apparent than real in the concept one may incur a conviction of an indictable offense without ever having been held to answer and without an indictment or county attorney's information having been filed. On the other hand, the statutory procedure demonstrates a concern for the violator, who is granted what the State describes as "a convenience benefit of paying a fine without a loss of time."

An alleged violator who elects the full panoply of court procedure merely refuses to sign the violation admission on the citation and complaint and to pay the fine. He or she may be permitted to proceed on his or her journey by mailing in bail. § 753.-16(3)(b). However, if the fine is not forwarded by a specified appearance date, the alleged violator ultimately will appear in court and be held to answer. § 753.16(3)(c). See Bergman v. Nelson, 241 N.W.2d 14, 15–16 (Iowa 1976); State v. Morningstar, 207 N.W.2d 772, 774–775 (Iowa 1973). This in turn triggers the State's constitutional obligation to proceed by indictment or county attorney's information. Article I, section 11, and amendment three of 1884, Iowa Constitution.

By electing the admission procedure of §§ 753.15 and 753.16 with respect to a § 321.463 violation, a defendant waives certain statutory and constitutional rights, but does not incur any lesser conviction. Under either method of proceeding, if the fine assessed is more than $100, defendant stands convicted of an indictable misdemeanor.

Thus the basic premise from which defendant's rationale was launched is nonexistent. The gravity of the charge or conviction does not turn on the plea entered. Examining the relevant statutes in light of our interpretative principles, supra, we cannot discern the constitutional infirmities relied on by defendant.

Defendant's assertion § 321.463 offends due process on vagueness grounds is unsupported in this record.

### III. *Equal protection.*

Defendant contends the § 321.463 weight limitations are so riddled by statutory exceptions that persons subjected to its penalties are denied equal protection under article I, section 6, Iowa Constitution and amendment fourteen, United States Constitution.

The nature of the burden upon one seeking to overcome the presumption of constitutionality of a statute on equal protection grounds depends upon whether the classification is one subject to close judicial scrutiny or traditional equal protection analysis. *Lunday v. Vogelmann*, 213 N.W.2d 904, 907 (Iowa 1973).

Defendant urges strict scrutinization of § 321.463 because citizens potentially are subject to criminal charges by virtue of classifications set out in that statute. We recently considered an equal protection challenge to a statutory criminal classification scheme in *State v. Robbins*, supra, 257 N.W.2d at 67, where we applied the traditional rational basis test:

"All crimes in this State are statutory. * * * In defining crimes, as in all other legislation, the legislature is its own lexicographer. * * * Since the legislature may define which crimes shall be felonies and which shall be misdemeanors, it may also create exceptions to those classifications to meet exceptional or unique circumstances. * * * The only constitutional requirement is that such a classification is a reasonable one, operates equally on all within the class, and bears logical relationship to the purpose to be accomplished. In attacking the statute defendant must establish its invalidity, by negating every reasonable hypothesis upon which it might be sustained."

A statute is not subject to strict equal protection scrutiny merely because its violation threatens potential criminal sanction.

The United States Supreme Court again described the narrow application of strict equal protection scrutiny in *New Orleans v. Dukes,* 427 U.S. 297, 303, 96 S.Ct. 2513, 2516–2517, 49 L.Ed.2d 511, 517 (1976):

"Unless a classification trammels fundamental personal rights or is drawn upon inherently suspect distinctions such as race, religion, or alienage, our decisions presume the constitutionality of the statutory discriminations and require only that the classification challenged be rationally related to a legitimate state interest."

Because § 321.463 involves neither a suspect classification nor fundamental rights, it is subject to traditional equal protection analysis. The statute must be sustained unless its classifications are patently arbitrary and bear no rational relationship to a legitimate governmental interest, or defendant has negated every conceivable basis which might support the classification. See *Grubb,* supra, 255 N.W.2d at 95; *Lunday,* supra, 213 N.W.2d at 907.

The State argues § 321.463 promotes public safety and highway maintenance. In *State v. Balsley,* 242 Iowa 845, 850, 48 N.W.2d 287, 290 (1951), we construed § 321.463, The Code, 1950. We there took judicial notice the statute was designed to prevent overloading of trucks and resulting deterioration of pavement, as well as avoiding danger to persons traveling on the highways. The present § 321.463 also furthers these legitimate state purposes. Defendant argues these functions are thwarted by allowing exceptions to § 321.463 prohibitions, and the entire statutory scheme results in arbitrary discrimination among vehicles.

Mere existence of exceptions to statutory classificatons does not deny equal protection. *Robbins,* supra, 257 N.W.2d at 67. Nor does article I, section 6, of the Iowa Constitution require that all laws shall apply alike to all citizens of the state. *Grubb,* supra, 255 N.W.2d at 95. Equal protection is not denied simply because in practice a classification results in some inequality. *Evans,* supra, 255 N.W.2d at 104. Instead, states are accorded wide latitude in regulating local affairs, and allowed to create statutory discriminations so long as the classifications drawn are rationally related to a legitimate state interest. See *New Orleans,* supra, 427 U.S. at 303, 96 S.Ct. at 2517, 49 L.Ed.2d at 517.

Here the State seeks to protect public safety and facilitate highway maintenace through weight regulations. Vehicles are excepted from those regulations when, for example, exigent circumstances require prompt movement, § 321.453, The Code; the nature of the vehicle or its load is such that it must be on the highway only temporarily, Ch. 321E and § 321.453, The Code; highway maintenance work is in progress, § 321.233, The Code; or commerce with bordering states would be enhanced, § 321.457(7), The Code.

The § 321.463 statutory scheme appears to rationally promote public welfare. We cannot hold classifications under the statute and its exceptions are patently arbitrary. Exceptions to § 321.463 prevent the weight regulations from unreasonably hindering movement of emergency vehicles, temporary transportation of heavy loads, and commerce in border cities. We find a reasonable relation between § 321.463 classifi-

cations and legitimate state interests sufficient to satisfy the rational basis test.

We hold § 321.463 does not deny defendant equal protection.

We therefore reverse and remand for further proceedings in conformance with this opinion.

REVERSED AND REMANDED.

MOORE, C. J., and LeGRAND, REES, UHLENHOPP and HARRIS, JJ., concur.

McCORMICK, MASON and RAWLINGS, JJ., concur specially.

McCORMICK, Justice (concurring specially).

I agree that we have jurisdiction of this appeal and that defendant's constitutional challenges to Code § 321.463 are without merit.

However, I do not share the majority's view that the anomaly of the admission procedure of § 753.16 is more apparent than real and that a defendant who utilizes the procedure thereby waives his constitutional rights. The validity of an indictable misdemeanor conviction obtained through the mail without a formal district court charge or proceeding or representation by counsel is open to serious question on due process grounds. See *State v. Sisco,* 169 N.W.2d 542 (Iowa 1969). Procedural shortcuts which would be appropriate in prosecuting a petty offense or in collecting a civil penalty are out of place when a serious crime is charged.

Because the present case does not involve a *Sisco* problem I concur in the result.

MASON and RAWLINGS, JJ., join this special concurrence.