STATE of Iowa, Appellee,

v.

Keith I. SANDS, Appellant.

No. 62452.

Supreme Court of Iowa.

June 27, 1979.

R. Fred Dumbaugh, Cedar Rapids, for appellant.

Thomas J. Miller, Atty. Gen., J. Susan Allender, Asst. Atty. Gen., Eugene Kopecky, County Atty., and William L. Thomas, Asst. County Atty., for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, McCORMICK, McGIVERIN and LARSON, JJ.

McCORMICK, Justice.

The question here is whether a statutory gross weight tolerance for motor vehicle registration purposes also constitutes a tolerance for axle gross weights. The trial court held it does not. We affirm.

Defendant Keith I. Sands owned a truck with a registered weight of 50,000 pounds. On April 19, 1978, he was arrested for having an overloaded truck while hauling manure from a packing plant to a landfill. The gross weight of the vehicle so loaded was 62,500 pounds, twenty-five percent over its registered weight.

The arresting officer issued two citations for alleged violations of section 321.463, The Code 1977. One was for the overload on tandem axles two and three of 18,350 pounds and the other was for the overload on the gross wheelbase of 13,581 pounds. The conviction challenged here is upon the first charge. The record does not show the disposition of the second.

Section 321.463 includes a table which specifies the maximum load which may be carried on any group of axles based upon the distance between them. These load limitations are unaffected by the gross weight for which a vehicle is registered. Axles two and three on defendant's truck were four feet two inches apart and the maximum allowable load upon them, according to the table, was 32,000 pounds. The statute provides for a tolerance of eight percent above the maximum weight on an axle group. It also specifies penalties for each one hundred pounds of overload based upon a graduated schedule.

It adds:

No fine shall be assessed if the overload does not exceed the tolerance specified in this section. If the overload does exceed the tolerance specified in this section, the amount of the fine to be assessed shall be computed on the difference between the actual weight and the maximum legal weight specified in this section without allowance of any tolerance, by applying the appropriate rate in the preceding schedule for the total percentage of overload. The total percentage of overload shall be determined by dividing the appropriate maximum legal weight as specified in this section without allowance for any tolerance into the amount of pounds overloaded.

Overloads on axles and tandem axles and overloads on groups of axles or on an entire vehicle or combination of vehicles shall be considered as separate violations of the provisions of this section.

*The penalties herein provided shall not be construed to be in lieu of any other penalties provided for violations of other provisions of this chapter.* (emphasis added).

■ The purpose of these overload regulations is to promote public safety and preserve highways. *See State v. Wehde,* 258 N.W.2d 347, 352 (Iowa 1977); *State v. Pyle,* 226 Or. 485, 360 P.2d 626 (1961).

Defendant contends the provisions of section 321.463 are overridden by section 321.-466 which provided a registered weight tol-

erance of twenty-five percent for vehicles carrying soil fertilizers and delineated farm products. Section 321.466 lists various circumstances under which a vehicle may be registered for increased gross weights by payment of a higher registration fee. Its tolerance provision is as follows:

It shall be unlawful for any person to operate a motor truck, trailer, truck tractor, road tractor, semi-trailer or combination thereof, or any such vehicle equipped with a transferable auxiliary axle or axles, on the public highways with a gross weight exceeding that for which it is registered by more than five percent of the gross weight for which it is registered, provided, however, that any vehicle or vehicle combination referred to herein, while carrying a load of raw farm products, soil fertilizers, including ground limestone, raw dairy products or livestock, live poultry, eggs, may be operated with a gross weight of twenty-five percent in excess of the gross weight for which it is registered.

Defendant's vehicle was within the twenty-five percent tolerance.

A penalty is provided in section 321.466 for operating a vehicle on a highway with a gross weight exceeding that for which it is registered.

It is obvious that the tolerance in section 321.466 affects the applicability of its penalty to overloaded vehicles carrying soil fertilizers including manure. However, section 321.466 concerns operation of vehicles in violation of limitations on registered gross weight, not axle gross weight. Section 321.463, under which defendant was prosecuted, proscribes operating in excess of certain axle gross weights regardless of the registered gross weight. Section 321.463 contains its own tolerance provisions.

■ These Code sections are in pari materia and must be harmonized if possible. *Doe v. Ray,* 251 N.W.2d 496, 501 (Iowa 1977). We do not believe they are in conflict.

■ The regulations in sections 321.463 and 321.466 are not interdependent. They

both establish limitations upon vehicular gross weight, but under different standards. Each provision is complete in itself. Section 321.466 is in relevant part a registration statute pursuant to which fees are exacted based on vehicular weight in various defined circumstances. Its tolerance provision applies to registered weight, not axle weight. In contrast, the overload limitations and tolerances in section 321.463 are not affected by registered weight.

No reason exists for believing the tolerance in section 321.466 for registration fee purposes was intended by the legislature to establish a tolerance for axle overload purposes under section 321.463. The Arkansas Supreme Court reached the same conclusion under analogous provisions. *See Stuart v. State,* 563 S.W.2d 398 (Ark.1978). The trial court was correct in so holding in this case.

AFFIRMED.