**IOWA SOUTHERN UTILITIES COMPANY, Appellee,**

v.

**IOWA STATE COMMERCE COMMISSION, Appellant.**

No. 84–1729.

Supreme Court of Iowa.

July 31, 1985.

Philip E. Stoffregen, Gen. Counsel, Diane Munns and Daniel J. Hanson, Asst. Gen. Counsel of the Iowa State Commerce Commission, for appellant.

Ross A. Walters and Herschel G. Langdon of Herrick, Langdon & Langdon, Des Moines, for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, McCORMICK, McGIVERIN, and WOLLE, JJ.

WOLLE, Justice.

On June 15, 1982 Iowa Southern Utility Company (company) filed a tariff with the Iowa State Commerce Commission (commission), detailing proposed changes in its rate structure. As in every tariff since the 1930's, this submission included a special reduced rate or discount on home utility services for employees, retirees, and certain eligible spouses of deceased employees of the company. The commission investigated the proposed tariff, then resolved by stipulation all issues except the legality of the employee discount. Following a contested case proceeding the commission struck the discount from the tariff and ordered the company to submit revised rates. The district court on judicial review reinstated the discount. We reverse.

The portion of the proposed tariff authorizing a discount provided that the reduced gas rate for employees and retired employees of the company would be 27.7 percent below the rate established for the company's residential customers. Both the commission and the company agree that the legality of that preferential rate turns on the meaning of Iowa Code section 476.5 (1983), which provides:

> No public utility subject to rate regulation shall directly or indirectly charge a greater or less compensation for its services than that prescribed in its tariffs, and no such public utility shall make or grant any unreasonable preferences or advantages as to rates or services to any person or subject any person to any unreasonable prejudice or disadvantage.
>
> Nothing in this section shall be construed to prohibit any public utility furnishing communications services from providing any service rendered by it without charge or at reduced rate to any of its active or retired officers, directors, or employees, or such officers, directors or employees of other public utilities furnishing communications services. Provided, however, said service is for personal use, and not for engaging in a business for profit.

The commission concluded that the discount constituted a per se violation of section 476.5, stating:

> The plain language of section 476.5 provides an exemption from the law against

granting preferences only for public utilities furnishing communications services. The commission also found that the proposed preferential rate was unreasonable, explaining:

[T]he evidence shows the employee gas discount averages approximately 27.7 percent and the discount is not cost justified. Moreover, we do not believe it would be reasonable to approve a Company policy that encourages employees to ignore the actual cost of energy they consume. Accordingly, we find inclusion of an employee discount rate in company's tariff grants an unreasonable preference and is prohibited by section 476.5.

Finally, the commission rejected the company's argument that the statute drew an unconstitutional distinction between utilities furnishing communication services and other utilities, in violation of the equal protection clauses of our state and federal constitutions.

The district court on judicial review overturned the commission's decision, concluding that section 476.5 prohibits "only unreasonable preferences or advantages" while excepting communications utilities from that prohibition. It reasoned that the commission's construction would improperly read the word "unreasonable" out of the statute. The court found insufficient evidence to support the commission's finding that the discount of approximately 27 percent was an unreasonable preference. The district court also found the statute constitutionally infirm, stating:

There is no conceivable rational basis for the distinction between telephone companies and other utilities the commission sees in section 476.5. Doubtful constitutionality argues in favor of Iowa Southern's interpretation.

■ On appeal, the commission urges us to reinstate its determination that the proposed preferential rate violates section 476.5. This court, like the district court, functions in an appellate capacity in this judicial review proceeding to correct errors of law. *Richards v. Iowa Department of Revenue*, 360 N.W.2d 830, 831 (Iowa 1985).

We must determine whether the commission's decision was "[i]n violation of constitutional or statutory provisions" or "[a]ffected by other error of law." Iowa Code § 17A.19(8)(a), (e) (1983). We first address the question whether the commission correctly construed section 476.5, then the constitutional equal protection issue.

I. *Does Section 476.5 Prohibit the Proposed Discount?*

The commission contends that the first paragraph of section 476.5 expressly prohibits the proposed employee discount, while the second paragraph provides a single exception for utilities furnishing communication services—for example, telephone utilities. The company, in contrast, focuses on the word "unreasonable" in the second clause of the statute's first paragraph:

[N]o such public utility shall make or grant any unreasonable preferences or advantages as to rates or services to any person or subject any person to any unreasonable prejudice or disadvantage.

It contends that this language only prohibits it from granting "unreasonable" preferential rates, arguing that the second paragraph then permits communications utilities to grant any preferences, even unreasonable preferences.

Both parties contend that the statute is unambiguous. We disagree and resort to principles of statutory construction to determine the meaning of section 476.5.

■ We have repeatedly held that statutory construction ultimately is a judicial function, though a court will give weight to an agency's construction of a statute so long as the agency does not purport to make law or change the meaning of the law. *Burlington Community School District v. Public Employment Relations Board*, 268 N.W.2d 517, 521 (Iowa 1978); *see Saydel Education Association v. Public Employment Relations Board*, 333 N.W.2d 486, 489 (Iowa 1983); *Welp v. Iowa Department of Revenue*, 333 N.W.2d 481, 483 (Iowa 1983). In construing stat-

utes, our ultimate goal is to effectuate the intent of the legislature. *Kohrt v. Yetter*, 344 N.W.2d 245, 246 (Iowa 1984); *Hoctel v. State*, 343 N.W.2d 832, 833 (Iowa 1984); Iowa R.App.P. 14(f)(13). We presume that the entire statute is intended to be effective and that a reasonable result is intended. Iowa Code § 4.4(2), (3). We consider all parts of the statute together, without attributing undue importance to any single or isolated portion. *Beier Glass Co. v. Brundige*, 329 N.W.2d 280, 283 (Iowa 1983). Where a statute enumerates certain exceptions, it is presumed the legislature intended to create no others. *Iowa Farmers Purchasing Association, Inc. v. Huff*, 260 N.W.2d 824, 827 (Iowa 1977); *In re Estate of Wilson*, 202 N.W.2d 41, 44 (Iowa 1972).

These principles support the commission's construction of Iowa Code section 476.5 (1983). The first clause of the statute's first paragraph expressly prohibits a public utility from varying the charges specified in the tariff, while the second clause specifically mentions and outlaws "unreasonable preferences or advantages as to rates or services to any person." The second paragraph then exempts from that prohibition only utilities furnishing communications services. We agree with the commission's stated reason for adopting its construction of the statute:

Our interpretation of section 476.5 ... gives effect to the entire statutory section, pursuant to Iowa Code section 4.4(2) (1983). There would be no need to specifically allow communication utility employee discounts if the paragraph to which the exception has been added did not already prohibit the offering of utility employee discounts.

▪ The company's construction places undue reliance on the word "unreasonable" in the second clause of the statute's first paragraph and cannot be harmonized with the fundamental requirement of the entire statutory scheme that all rates be "reasonable and just." If we were to adopt the company's reading of the statute, most utilities would be allowed to grant preferences

deemed reasonable, but communications utilities would be allowed to grant "unreasonable" preferences and advantages by reason of the exception provided by the statute's second paragraph. Other provisions of chapter 476, however, require the commission to assure the public that all utility charges, including charges by communications utilities, be reasonable and just. Section 476.4 provides in pertinent part:

[R]ates and charges shall be subject to investigation by the commission ... and upon such investigation the burden of establishing the reasonableness of such rates and charges shall be upon the public utility filing the same.

In addition, section 476.8 states:

The charge made by any public utility ... shall be reasonable and just, and every unjust or unreasonable charge for such service is prohibited and declared unlawful.

The legislature clearly stated and certainly intended that all utility rates be reasonable, and we therefore must reject the company's construction which would allow communications utilities to grant unreasonable preferences. *See State v. Link*, 341 N.W.2d 738, 740 (Iowa 1983) ("[W]e will seek a reasonable interpretation and construction which will best effect the purpose of the statute, seeking to avoid absurd results.").

▪ The company argues that the commission for the past twenty years placidly acquiesced in its reading of section 476.5 to allow preferential rates and, in the absence of legislative intervention, is bound by its previous interpretation of the statute. We disagree. The legality of the company's employee discount has not previously been litigated. The commission may not by acquiescence in previous rates alter the meaning of the statute. *See City of Fort Dodge v. Iowa Public Employment Relations Board*, 275 N.W.2d 393, 396 (Iowa 1979); 2A Sutherland *Statutory Construction* § 49.04 (4th ed. 1984). "If an agency concludes that its application of a statute is in error, it is not required to go on indefi-

nitely misapplying the statute; it may alter the application." *Bair v. Estate of Biggins,* 356 N.W.2d 551, 555 (Iowa 1984).

■ We hold that the district court erred in construing section 476.5 to allow the company's preferential employee rate, because that section prohibits public utilities that are not communications utilities from granting any preferential rates.

## II. *Is Section 476.5 Unconstitutional?*

■ The company argues that section 476.5 as construed by the commission would violate the equal protection clauses of the federal and Iowa constitutions. U.S. Const. amend. XIV; Iowa Const. art. I, § 6. Our review of this constitutional issue is de novo. *Bierkamp v. Rogers,* 293 N.W.2d 577, 580 (Iowa 1980).

The district court agreed with the company's contention that the statute arbitrarily places communications utilities and other utilities in separate classifications without any rational basis or reasonable relationship to legitimate state interests. We disagree.

■ Where no fundamental right or suspect classification is implicated by a state statute, a court will apply a rational basis test to determine whether a legislative classification violates the equal protection clause. *See Stracke v. City of Council Bluffs,* 341 N.W.2d 731, 733–34 (Iowa 1983). A statute generally will survive scrutiny under the equal protection guarantee if a legislative classification or distinction rationally furthers a legitimate state purpose. *Hooper v. Bernalillo County Assessor,* —— U.S. ——, ——, 105 Sup.Ct. 2862, 2866, 86 L.Ed.2d 487, 493 (1985); *Seivert v. Resnick,* 342 N.W.2d 484, 485 (Iowa 1984); *State v. Wehde,* 258 N.W.2d 347, 352 (Iowa 1977). We accord the statute a strong presumption of constitutionality. *See State v. Books,* 225 N.W.2d 322, 324 (Iowa 1975). A person challenging the constitutionality of a statute must carry the heavy burden of showing the absence of a rational basis for the classification. *See*

*State ex rel. Krupke v. Witkowski,* 256 N.W.2d 216, 220 (Iowa 1977).

■ We find in Iowa law and public policy promoting energy conservation the necessary rational basis for the distinction drawn in section 476.5 between preferential rates permitted for employees of communications utilities and rates for employees of other utilities. Iowa Code chapter 476 governing regulation of public utilities provides that the commission's jurisdiction includes programs designed to promote the use of energy conservation strategies, with the commission authorized to prescribe "appropriate rates for any approved energy conservation program." Iowa Code §§ 476.1, .2 (1983). The consumption of gas and electricity, unlike the use of telephones, involves the depletion of nonrenewable energy resources. Preferential rates for gas and electric services may result in greater use and potentially greater waste of energy, while preferential rates for communications services would not have that adverse effect. The classification provided in section 476.5 is thus consistent with a salutary public purpose recognized by the legislature—conservation of non-renewable energy resources.

The company has failed to demonstrate a lack of rational basis in the classification drawn by section 476.5 sufficient to sustain its equal protection challenge. We find that the statute as construed by the commission is not constitutionally infirm.

Because we find no error of law in the commission's decision, we reverse the decision of the district court and reinstate the commission's decision.

REVERSED.