**IOWA ELECTRIC LIGHT AND POWER COMPANY, Petitioner-Appellee,**

v.

**IOWA STATE COMMERCE COMMISSION, Respondent-Appellant.**

No. 85–280.

Court of Appeals of Iowa.

Jan. 29, 1986.

Patrick J. Nugent, Deputy Counsel, and Susan Allender, Gen. Counsel, and Diane Munns, Asst. Gen. Counsel, Des Moines, for respondent-appellant.

Thomas J. Pitner and Jonathan M. Rogoff, Cedar Rapids, for petitioner-appellee.

Roger D. Colton, Ames, for amicus curiae Iowa Ratepayers Ass'n, Inc.

Considered by DONIELSON, P.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

Respondent commission appeals from the judicial review decision reversing a disallowance of an employee rate discount, asserting: (1) that a district court ruling on a joint motion of other parties had the effect of improperly making a substantive change in rates set by the commission prior to

completion of the judicial review process and, in addition, that the ruling was both procedurally improper under various provisions of the IAPA and unauthorized by relevant rules of civil procedure; and (2) that under Iowa Code section 476.5 electric utilities are not permitted to offer employee discounts.

Petitioner utility separately sought judicial review of 1982 and 1984 commerce commission rate decisions. The later proceeding was consolidated with a proceeding in which the office of the consumer advocate sought judicial review of the same commerce commission decision. A utility ratepayers association, amicus curiae in this appeal, had intervened in both of the proceedings that were consolidated. At a time when the proceeding relating to the 1982 decision had been submitted to the court but not decided, all parties to both proceedings, with the exception of the commission, filed a joint motion seeking to limit, dismiss, or defer consideration of some issues. Over the commission's resistance the motion was sustained in its entirety.

The commission filed notice of appeal but it was determined by order of Justice McGiverin that the judgment was not final. Permission to bring an interlocutory appeal was denied without prejudice to the commission's right to raise on appeal from final judgment issues relating to the ruling on the joint motion. In the proceeding arising out of the 1982 decision the commission filed notice of appeal when, in its disposition of the sole remaining substantive issue, the district court reversed the commission's disallowance of an employee discount.

## I. Joint Motion.

The commission first argues that it was improper for the district court to approve the joint motion filed by Iowa Electric, Office of Consumer Advocate (OCA) and the Iowa Ratepayers Association (IRA). ■ At the time the joint motion was filed, this administrative action was being considered on judicial review. At that stage, the role of the district court is limited to a review of the agency action. *See*

Iowa Code § 17A.19 (1985). "Fundamentally, in judicial review proceedings the district court exercises only appellate jurisdiction and has 'no *original* authority to declare the rights of the parties or the applicability of any statute or rule.' " *Black v. University of Iowa*, 362 N.W.2d 459 (Iowa 1985) (*quoting Public Employment Relations Board v. Stohr*, 279 N.W.2d 286, 290 (Iowa 1979) (emphasis in original)).

The issue now before us is whether the district court exceeded its appellate jurisdiction in approving the motion in question. The difficulty with this issue stems from the fact that the joint motion is not of a form and nature contemplated by either the Iowa Rules of Civil Procedure or the Iowa Administrative Procedure Act.

Iowa Electric chooses to characterize it as a "Motion to Permit Voluntarily Dismissal." Indeed, to some extent the motion does reflect the desire of the aggrieved parties to withdraw certain issues from consideration. In this respect, it was certainly within the province of the district court to approve the motion. It is the aggrieved party who is entitled to judicial review; the successful litigant has no right at any stage to have his success affirmed by a particular court.

■ However, a review of the motion reveals that its language goes beyond merely requesting that certain issues be withdrawn from consideration. The parties requested that several issues be deferred to other courts considering similar issues. We find this to be improper.

■ Iowa Electric, IRA and OCA may have an interest in expediting the review proceedings, but their authority to do so is necessarily limited by the Administrative Procedure Act. The appellees cite no authority, and we find none, which indicate that an aggrieved party can by motion defer issues and force an agency to be bound by the decision of another court. The aggrieved parties had a right to submit issues for judicial review and, as we indicated, a right to withdraw issues from consideration. However, they cannot control the

procedural manner in which an issue is disposed upon review. To do so improperly bypasses the judicial review procedures set forth in the Administrative Procedure Act. *See* Iowa Code §§ 17A.19(7), (8) (1985).

We conclude that approval of the joint motion was in error and exceeded the district court's limited appellate jurisdiction. Accordingly, the decision is reversed and remanded.

We note parenthetically that the motion in question contained language not directly related to the dismissal of issues. In a broad sense, the language seems to represent the terms under which Iowa Electric, OCA and IRA agreed to withdraw issues. However, some of the provisions could be interpreted as infringing upon the commission's authority. We find that the commission is not aggrieved at this time. Yet, in the interest of avoiding future litigation on the matter, we point out that such language is extraneous and should not have been included in the motion. Whatever agreement was reached between the parties would be governed by contract principles and was not a proper matter to submit for approval by a reviewing court. The inclusion of matters beyond requesting the dismissal of issues resulted in unnecessary ambiguity and should be avoided by the parties in future motions.

## II.

The commission also argues that the district court erred in holding that employee discounts were proper under Iowa Code section 476.5. We agree.

This issue was recently considered in *Iowa Southern Utilities Co. v. Iowa State Commerce Commission*, 372 N.W.2d 274 (Iowa 1985). There the supreme court interpreted section 476.5 as prohibiting preferential rates to employees of public utility companies other than communications companies. *Id.* at 279. In accordance with this decision, we reverse on this issue and remand for entry of a decision consistent with this opinion.

REVERSED AND REMANDED.