INTERSTATE POWER COMPANY,
Plaintiff–Appellee,

v.

WAUKON MANOR, INC.,
Defendant–Appellant.

WAUKON MANOR, INC.,
Cross–Petitioner,

v.

Norman BOHR, Jack Duffy, and Don
Rodenkirk, Defendants to
Cross–Petition.

No. 88–1163.

Court of Appeals of Iowa.

Aug. 23, 1989.

As Corrected Aug. 23, 1989.

John L. Butler of Lundy, Butler & Lundy, Eldora, for defendant-appellant.

James U. Mellick, Waukon, for plaintiff-appellee.

Heard by OXBERGER, C.J., and SCHLEGEL and SACKETT, JJ.

SCHLEGEL, Judge.

Appellant appeals the decision of the district court which entered judgment against it for $32,751. Appellant raised the affirmative defenses of statute of limitations, estoppel, laches, accord and satisfaction, and unconstitutionality. These were denied in an adjudication of law points where the district court found a defense of material economic hardship was barred as a matter of law. We reverse.

Iowa Code section 476.5 provides that a public utility shall not "charge a greater or less compensation for its services than that prescribed in its tariffs" and shall not "subject any person to any unreasonable prejudice or disadvantage." Waukon Manor urges that it has been subjected to unreasonable prejudice and disadvantage because it cannot recover this amount from the patients nor obtain assistance from the State of Iowa for it. Waukon Manor urges that the latter clause of the statute be considered an exception to the requirement that undercharges be recovered.

Defendant Waukon Manor owns and operates a nursing home. Plaintiff Interstate Power Company installed a new current transformer at the nursing home in June 1977. When the old transformer was installed the meter reading was multiplied by a factor of thirty to determine the amount of Waukon Manor's electric usage. The new transformer required the meter reading to be multiplied by sixty. Due to a clerical error, Waukon Manor's meter reading was multiplied by thirty for the months of June 1977 through August 1985. Interstate Power brought this action to recover the underbilled charges for electrical service.

The issue in this case concerns the interpretation of the first paragraph of Iowa Code section 476.5, which states:

No public utility subject to rate regulation shall directly or indirectly charge a greater or less compensation for its services than that prescribed in its tariffs

and no such public utility shall make or grant any unreasonable preferences or advantages as to rates or services to any person or subject any person to any unreasonable prejudice or disadvantage.

There are certain rules that must be followed when construing a statute. We presume the entire statute is intended to be effective. *Iowa Southern Utilities Co. v. Iowa State Commerce Commission*, 372 N.W.2d 274, 278 (Iowa 1985). We also presume that a reasonable result was intended. *Id.* Finally, we consider all parts of the statute together, without attributing undue importance to any single or isolated portion. *Id.* Given these rules of construction, what meaning and or purpose should be given to the last sentence, "or subject any person to any unreasonable prejudice or disadvantage?"

There is very little case law interpreting what course of action is required when a customer of a public utility is harmed through a metering mistake of the utility. In *Iowa Electric Light & Power Co. v. Wendling Quarries, Inc.*, 389 N.W.2d 847 (Iowa 1986), the Iowa Supreme Court had this issue before it, but returned it to the trial court to make an Iowa Rule of Civil Procedure 105 disposition. However, the Court did cite the trial court to certain authorities to facilitate its decision. Those authorities, in addition to the ones cited by the appellee, do not control this situation. Those cases either dealt with specific actions by a utility to benefit someone, in direct contravention of section 476.5 regarding unreasonable preferences, or arose from a statute which imposed an absolute requirement to recover undercharges with no exceptions. In the *Iowa Southern Utilities* case there was an agreement to benefit employees. *See also, Heuer Truck Lines v. Brownlee*, 239 Iowa 267, 270, 31 N.W.2d 375, 377 (1948) (specific agreement); *Cummings Sand & Gravel Co. v. Minneapolis & St. Louis Railroad Co.*, 182 Iowa 955, 964, 166 N.W. 354, 357 (1918) (no exception included within statute).

In order for the entire statute to have effect, the final sentence must mean something. There must be some type of action by the utility that will subject a person to unreasonable prejudice or disadvantage. In addition, Division 199 of the Iowa Administrative Code, chapter 20.4(14)(d), sets a six-month limitation as the time limit in which back billings can be rendered. This six-month limit starts on the date of the metering installation test. Even if this limit is to begin only after the error is discovered, it still places a possible limit on whether the utility can recover back billing. In this case the underbilling occurred over a period of eight years and could possibly subject the appellant to charges of over $32,000. This type of delay and possible harm could very well be unreasonable within the meaning of the statute.

If the statute is read to require the collection of all undercharges regardless of whether a mistake has occurred, or the degree of harm suffered, then the last part of the paragraph is rendered meaningless, and the six-month limitation on back billing cannot apply. On the other hand, by reading the last sentence as an exception to the requirement of equal charges, the entire statute is given effect. Because the exception is included within the statute itself, and because other limitations on the right to recover undercharges exist, such an exception is clearly reasonable and cannot be read out of the statute.

We hold that the provisions of Iowa Code section 476.5 that "no such public utility shall subject any person to any unreasonable prejudice or disadvantage" is an exception to absolute liability and absolute duty to assess the rate in question. The judgment of the trial court is reversed and costs assessed to the appellee, Iowa Power.

REVERSED.