**CITY OF CEDAR RAPIDS, Lloyd Eugene Chesmore, David Allen Kaplan, and Stanley Ray Nelson, Appellants,**

v.

**STATE of Iowa and Iowa Department of Transportation, Appellees.**

No. 90–1775.

Supreme Court of Iowa.

Dec. 24, 1991.

---

Mohammed H. Sheronick, Asst. City Atty., Cedar Rapids, for appellants.

Bonnie J. Campbell, Atty. Gen., David Ferree, Sp. Asst. Atty. Gen., and Mark Hunacek, Asst. Atty. Gen., for appellees.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, NEUMAN, and ANDREASEN, JJ.

CARTER, Justice.

The City of Cedar Rapids and three of its employees appeal from an adverse ruling in a declaratory judgment action seeking to limit the enforcement powers of the Iowa Department of Transportation (IDOT) with respect to alleged overload violations by city employees operating city-owned vehicles on city streets. At issue are alleged violations of Iowa Code section 321.463 (1989). Criminal charges are pending under that statute against the three employee-plaintiffs. Plaintiffs have sought a declaration that enforcement officials of IDOT were without authority to issue citations for such violations. Plaintiffs also argue

that such offenses are civil infractions rather than criminal offenses.

Plaintiffs Chesmore, Kaplan, and Nelson were each charged by IDOT enforcement officers with operating city-owned refuse collection trucks on June 7, 1989, with weights that exceeded the maximum limits imposed by Iowa Code section 321.463. The vehicles in question were stopped and weighed on a city street leading into the entrance of the Cedar Rapids landfill. The drivers were returning to the landfill after the completion of their regular pickup routes.

The district court determined that IDOT is empowered to designate certain of its employees to be recipients of "peace officer" authority for purposes of arrests for the violation of motor vehicle laws relating to the operating authority, registration, size, weight, and load of motor vehicles and trailers anywhere in the State of Iowa. The court declared that such authorization, which is embraced in Iowa Code section 321.477, was sufficient to authorize the charges made by IDOT agents. The court further determined that violations of section 321.463 are criminal offenses rather than civil infractions. Plaintiffs have appealed from these rulings.

## I. *Propriety of Declaratory Relief.*

■ Initially, we consider on our own motion the propriety of the pending claim for declaratory relief in the face of the pending criminal charges against plaintiffs Chesmore, Kaplan, and Nelson. In *Ostrander v. Linn*, 237 Iowa 694, 706, 22 N.W.2d 223, 229 (1946), we suggested that, ordinarily, a declaratory judgment should not be granted on an issue of law to be considered in a pending criminal proceeding against the declaratory judgment plaintiff. If plaintiffs Chesmore, Kaplan, and Nelson hope to obtain from this action a declaration that a lack of authority for IDOT to file criminal charges would be a defense to the charges pending against them, we believe the *Ostrander* rule should preclude the granting of such declaration at their behest.

■ Although plaintiff City of Cedar Rapids asserts that a continuing jurisdictional dispute exists between its own police power authority and that of IDOT with respect to enforcement of the statutes involved, that is a controversy that the employee-plaintiffs do not have personal standing to pursue. Consequently, we vacate that portion of the district court's judgment that affects the employee-plaintiffs and remand that portion of the case to the district court for dismissal as an improper subject for declaratory relief. We will consider the merits of the issues raised on appeal only as they are presented by plaintiff City of Cedar Rapids.

## II. *Procedural Claims.*

At the outset, we consider and reject plaintiff's procedural challenges to the judgment of the district court. That judgment was entered in the form of a summary judgment in favor of the defendants IDOT and the State of Iowa. The City asserts that summary judgment was improper because genuine issues of material fact exist with respect to its claims.

In reviewing this argument, we are convinced that the factual disputes upon which the City relies in order to defeat summary judgment do not serve that purpose if the law is as alleged by defendants and found by the district court. Because we agree with the district court's determination of the applicable law, we must reject the City's procedural challenges to the district court's judgment.

## III. *The City's Jurisdictional Challenge to IDOT's Authority.*

In considering the claims of plaintiff City of Cedar Rapids, we note that nowhere in its argument does it suggest that operators of city-owned refuse collection trucks on city streets are exempt from the sanctions imposed for overload violations by section 321.463. The City's argument is aimed entirely at establishing who has (or more properly does not have) authority to file charges for such violations. It attempts to

establish that only local law enforcement authorities have such authority.

In refereeing this turf battle, we are not insensitive to the source of the City's dissatisfaction. Refuse collection trucks run regular routes on appointed days. The City is not able to predict the amount of trash set out on a given route on any particular day. To stay on schedule, route operators are strongly motivated to take all trash set out on their route in a single run.

It is doubtless an unpleasant distraction for these operators to encounter an IDOT portable scale at the entrance to the landfill. Arguably, as the City implies, any overloads that result from a high level of discarded refuse on a particular route occur toward the end of the route and have a slight effect on the surface of the roadway or the driver's ability to safely operate the vehicle.

■ Notwithstanding the problems that strict enforcement of section 321.463 works upon the City's refuse collection operation, that statute clearly applies to those activities. Moreover, for reasons that we set out later in this opinion, IDOT enforcement officers do have authority to ticket city vehicles for state law violations within the city, including overload violations. Consequently, this court has no basis for granting the City any relief from the plight that IDOT's enforcement activities create. Any such relief must come from the cooperation of all affected law enforcement agencies or from legislative change.

■ The City argues that it has been granted exclusive jurisdiction over its streets through Iowa Code chapter 306, which provides for the establishment, alteration, and vacation of highways. Section 306.4(3) provides, in part:

> Jurisdiction and control over municipal street systems shall be vested in the governing bodies of each municipality; except that the department and the municipal governing body shall exercise concurrent jurisdiction over the municipal extensions of primary roads in all municipalities.

We believe that the intent and purpose of this statute is to establish the jurisdiction and control of municipalities in the establishment, alteration, and vacation of roadways within the municipal limits. It does not purport to grant exclusive jurisdiction to municipalities in the enforcement of motor vehicle laws, including weight restrictions. As the district court correctly noted, Iowa Code section 321.477 provides that IDOT may designate employees of that agency as peace officers for enforcement of motor vehicle laws, including weight and load restrictions throughout the state. *See State v. A–1 Disposal*, 415 N.W.2d 595, 598 (Iowa 1987).

The City seeks to limit the authority that section 321.477 purports to confer on IDOT officers by asserting that agency's authority only extends to those city streets that have been maintained and funded by direct expenditure of state road use tax funds. It offered, in opposition to IDOT's motion for summary judgment, an affidavit of the city streets program director that there has been no direct expenditure of state road use tax funds on any of the streets over which Chesmore, Kaplan, and Nelson ran their refuse collection routes.

If IDOT jurisdiction to enforce weight and load restrictions within the boundaries of a city is to turn on that city's expenditure of state road use tax funds, we doubt that a reasonable interpretation of such limitation would require tracing a direct expenditure of funds to the particular street where the violation occurred. It is not necessary for us to decide this issue, however, because we have recognized that the enforcement of the weight limitations contained in section 321.463 is based on public safety considerations as well as the desire to prevent unnecessary deterioration of roadways. *See A–1 Disposal*, 415 N.W.2d at 597; *State v. Sands*, 280 N.W.2d 370, 371 (Iowa 1979); *State v. Wehde*, 258 N.W.2d 347, 352 (Iowa 1977).

■ We also reject the City's claim that IDOT is acting in violation of Iowa Code section 321.6. That statute provides:

> [T]his section shall not be construed to give the state department of public safe-

ty any right to establish regular patrol beats inside municipal limits unless requested ... by the mayor of such city....

*Id.* Whatever limitation this statute places on enforcement activities of the Department of Public Safety, it does not purport to govern actions by IDOT enforcement agents.

### IV. *Whether Violations of Section 321.463 Are Only Civil Infractions.*

The City also contends that violations of section 321.463 when established are civil infractions rather than criminal offenses. The City bases this argument on section 321.452, which provides that "[e]xcept for offenses punishable under the provisions of section 321.463 it is a misdemeanor, punishable as provided in section 321.-482, for any person to drive [in violation of these provisions]." The City interprets this statute to decriminalize violations of section 321.463.

The City argues that section 321.452 establishes that such violations are not misdemeanors and that it is absurd to assume that such violations could be prosecuted as felonies. We need not consider the second contention because we disagree with the first. Section 321.452 does not declare that violations of section 321.463 are not punishable as misdemeanors. Rather, it declares that such violations are not misdemeanors "punishable as provided in section 321.-482." This is merely a recognition that such violations are misdemeanors punishable under a different statute, *i.e.*, Iowa Code section 805.8(2)(q).

We have considered all arguments presented and conclude that the judgment of the district court should be affirmed with respect to the claims of the plaintiff City. We vacate the judgment as to the claims of the employee-plaintiffs and remand those claims to the district court to be dismissed as not proper subjects of declaratory relief. All costs on appeal are assessed to appellants.

VACATED AND REMANDED IN PART; AFFIRMED IN PART.